MARSHALL PARKS et al. v. AMERICA C. DAVIS.

*Appeal—Assignment of Error—Trial by the Court.*

1. When a trial by jury is waived the Court should find the facts and state its conclusions separately, in writing, and then enter judgment in accordance therewith.

2. But where the Court simply responded formally to the issues and directed judgment, to which no exception was taken, and no assignment of error was made, the judgment will be affirmed.

CIVIL ACTION, tried at Spring Term, 1887, of ASHE Superior Court, before *MacRae, Judge.*

The parties agreed "by oral consent, entered on the minutes" of the Court, as allowed by the statute (*The Code,* §416, par. 3), to waive a trial by jury.

Thereupon three issues were settled, and the Court, having heard and considered the evidence, responded formally to each, without stating a summary of the facts found or stating them in detail, and upon its findings gave judgment directing an account to be taken, &c., from which the defendant appealed.

*Messrs. C. H. Armfield* and *W. N. Scales,* for the plaintiffs.
*Messrs. J. W. Hinsdale, R. H. Battle* and *G. N. Folk,* for the defendant.

MERRIMON, J.   This procedure was not regular, but sufficient, in the absence of objection, to serve the purposes of the action.   Regularly, the Court should have heard the evidence and given its decision in writing, which should have contained a statement of the facts found and the conclusions of law—the facts and conclusions of law stated separately—and judgment upon this decision should have been entered accordingly, as were the findings.   *The Code,* §417.

But no exception was taken to the findings of fact or law or the judgment, as specially provided and allowed in such cases by the statute (*1 he Code*, §418), or at all, and there is no assignment of error in terms or by reasonable implication, from anything that appears in the record.

The judgment must therefore be affirmed. To the end that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court.

Affirmed.