STACHLER, Plaintiff-Appellee, v. TRAVELERS FIRE
INSURANCE COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2159.   Decided November 21, 1951.

Joseph J. Freemas, A. W. Schulman, Dayton, for plaintiff-
appellee.
Landis, Ferguson, Bieser & Greer, Dayton, for defendant-
appellant.

## OPINION

By WISEMAN, J:
This is an appeal on questions of law from the judgment of
the Common Pleas Court of Montgomery County.
Plaintiff sued to recover the face amount of a fire insurance
policy which defendant-company issued on plaintiff's build-
ing.   Defendant denied that there was any policy of fire in-
surance in effect on the date on which the fire occurred.
The case was tried to the court without the intervention of
a jury.   The court rendered judgment in favor of the plaintiff
for the sum of $5,000.00 less the amount of the premium due
to the defendant-company from the plaintiff, which was found
to be $44.50.
The determinative question is whether a contract of insur-
ance was in effect on the date of the fire loss which occurred
on December 13, 1949.
A copy of the opinion of the trial judge is attached to the
transcript of the docket and journal entries.   We are in accord

**324**

therewith. After examining the entire record and giving careful consideration to the questions raised in the briefs, we are of the opinion that the judgment was in all respects correct.

The trial court had a right to conclude that the course of dealing and the conduct of the parties was such as to make Wachter, the agent of the insured, in delivering the policy after it had been prepared and counter-signed by the agent of the defendant-company and delivered to Wachter for the purpose of delivering the policy to the insured. The provisions of §9586 GC, do not prevent the insurance agent, under the evidence in this case, from becoming the agent of the insured for the purpose of delivery of the policy. The policy having been delivered, it could not be cancelled except in the manner provided in the policy. The fact that the premium was unpaid was inconsequential under the facts in this case.

The insurance policy being a renewal of the prior policy, the court had a right to infer that the premium was the same in the absence of proof to the contrary. Furthermore, the defendant is not in a position to complain about the action of the court in reducing the judgment rendered against the defendant to the extent of the unpaid premium. We find no error assigned well made. Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

HORNBECK, PJ, MILLER, J, concur.