342

ANGELO, Plaintiff, v. TRAVIGLIA, Defendant, OHIO VALLEY
AUTOMOBILE INSURANCE COMPANY, New Party Defendant.

Common Pleas Court, Cuyahoga County.

No. 653079. Decided December 27, 1957.

Harrison, Spangenberg & Hull, Cleveland, Norman W. Shibley, of Counsel, for the plaintiff.

Jones, Day, Cockley & Reavis, Cleveland, Victor DeMarco, of Counsel, for the defendant.

## OPINION

By J J. P CORRIGAN, J.:

Plaintiff, in his supplemental petition, seeks judgment against a new party defendant, The Ohio Valley Automobile Insurance Company, in the sum of Sixteen Thousand Four Hundred and Sixty ($16,400.00) Dollars with interest thereon from December 7, 1955.

Plaintiff alleges therein that on or about May 19, 1953, the said insurance company and the defendant, Vincent N. Traviglia, entered into a contract of insurance and the company executed and delivered to Traviglia its Combination Automobile Policy No. A 25746, under the terms of which Traviglia was insured, during the term of such insurance, which term included July 18, 1953, at the place where any automobile covered by said policy was being used, against liability for personal injury or property damage suffered or alleged to have been suffered by any person as a result of any accident occurring while said policy was in force.

Plaintiff further alleges that exact amounts of liability and the exact date expressed in said contract of insurance are unknown to him.

It is further alleged that on July 18, 1953, plaintiff was the owner and operator of an automobile which was struck by an automobile driven by defendant, Traviglia, in Cleveland; that plaintiff sustained certain injuries and damages; that said automobile which was driven by Traviglia and struck this plaintiff's automobile was insured by the new party defendant; that by reason of the negligent operation of said automobile by Traviglia the aforesaid collision resulted in damages and injury to plaintiff.

Supplemental petition further states that an action was commenced in this Court by plaintiff against Traviglia to recover damages for personal injuries and property damages; that defendant was duly served with process therein; that the new party defendant was duly notified of the aforesaid collision and of the filing of said action.

Plaintiff further alleges that on December 7, 1955, trial was held and judgment was duly rendered in said action in favor of plaintiff

and against defendant, Traviglia, in the sum of $16,460.00 together with costs and that said judgment remains unpaid.

To this supplemental petition, the new party defendant, The Ohio Valley Automobile Insurance Company, filed an answer admitting it is an Ohio corporation engaged in the business of selling casualty insurance.

It is further admitted that on or about May 19, 1953, the new party defendant, The Ohio Valley Automobile Insurance Company, through its duly authorized agent, the Carr Insurance Agency, issued a policy of insurance in the name of the defendant, Vincent N. Traviglia, known as a combination automobile policy, insuring said Vincent N. Traviglia for one year against loss from any liability imposed by law for bodily injury and property damage to any person by reason of the negligence of Traviglia in connection with the use of Traviglia's automobile, with certain limits as stated in the policy; it is denied that said policy was ever delivered to Traviglia.

New Party defendant admits that on or about July 18, 1953, Traviglia was involved in an automobile accident resulting in damages to plaintiff's automobile and injuries to his person; that said plaintiff filed a petition in this action and that new party defendant was duly notified of this filing.

It is further admitted that on December 7, 1955 a judgment was rendered against Traviglia for $16,460.00 with costs.

It is denied that on July 18, 1953, its policy of insurance Combination Automobile Policy No. A-25746 was in full force and effect; it is further alleged that, for failure by defendant, Traviglia, to pay in full the premium due thereon within the time provided and agreed therefor, in accordance with an agreement made between Traviglia and the solicitor employed by the Carr Insurance Agency, the said policy of insurance was returned to it for cancellation and was cancelled flat on June 20, 1953 by new party defendant. All other allegations in supplemental petition are denied.

Trial by jury was waived by the parties and the case was tried to the Court.

The evidence reflects that the policy which is the subject of this suit was solicited for the Carr Insurance Agency, agent of the new party defendant, by one Henry D. Gamiere. Gamiere's wife was a licensed solicitor of casualty insurance and he wrote casualty insurance on his wife's license. Henry Gamiere met Traviglia through a man named Ciaffi in May of 1953. At that time they discussed the fact that Traviglia needed an automobile liability insurance policy. On or about May 17, 1953, Gamiere met Traviglia again at St. Clair Avenue and Whitcomb Road. Gamiere asked Traviglia about taking out the policy and Traviglia stated that at the present he had no money. Gamiere stated that he would give him thirty days to pay the premium but that if he did not pay in that time the policy would be cancelled. Gamiere told Traviglia that the premium would be Forty-Nine ($49.00) Dollars. Traviglia said that he was short of funds and did not know when he could start paying. Gamiere told Traviglia that he wanted him to come

to Gamiere's house and make the first payment and Traviglia stated that Gamiere was to hold the policy and if it was not paid it was to be cancelled. Gamiere got the information necessary from Traviglia to have a policy issued.

Gamiere reported the business to the Carr Insurance Agency and two days later, on May 19, 1953, he received the policy by mail from the agency. The policy period was from May 19, 1953 to May 19, 1954 Several days after Gamiere received the policy he received Ten ($10.00) Dollars payment on the premium from Traviglia. Gamiere retained the policy and received a Fifteen ($15.00) Dollar payment on the premium on June 5, 1953 from Mrs. Traviglia, wife of the defendant, at the Traviglia home. When Gamiere received the policy from Carr Insurance Agency, he also received an identification card and an invoice. At the time he received the Fifteen ($15.00) Dollars from Mrs. Traviglia, he gave her the identification card and told her that the balance of the premium must be paid within the thirty days or the policy would be turned in for cancellation. On June 13, 1953, Gamiere again went to the Traviglia home and found nobody home.

When it was getting close to the expiration of the thirty-day period, Mrs. Gamiere called Mrs. Traviglia on two occasions and was told by Mrs. Traviglia that she did not have any money and to cancel the policy.

Gamiere sent the policy to the Carr Agency. It was received there on June 17, 1953 and then was sent to the Ohio Valley Insurance Company endorsed "Flat Cancellation" by the Carr Agency. The policy was received there on June 20, 1953 and cancelled on that date.

The Ohio Valley Insurance Company looked to Carr Insurance Agency for premium payments or business from the agency. Carr looked to the solicitor for payment of the premiums.

On July 18, 1953, Traviglia was involved in an automobile accident and as a result of that a judgment was obtained against him by plaintiff. Nothing has been paid on said judgment.

The determinative question presented in this case is whether the defendant, Vincent N. Traviglia, was insured with the new defendant company on July 18, 1953, as alleged in plaintiff's supplemental petition.

Under §3929.27 R. C., Gamiere was clearly the agent of Ohio Valley for the purpose of soliciting the insurance and procuring the business. There is no question in the mind of this Court and it was admitted in his testimony by the president of the Ohio Valley Insurance Company that Traviglia was insured from May 20, 1953 to June 20, 1953.

The fact that Gamiere was the agent of the insurance company for the above purpose, apparently does not prevent Gamiere from becoming the agent of Traviglia for the purpose of the delivery of the policy to him. Stachler v. Travelers, 66 Abs 323, 117 N. E. (2d), 176.

Once a policy is in effect it can only be cancelled in accordance with the provisions of the policy. Under paragraph 22 of the Conditions of the Policy in this case, it "may be cancelled by the named insured by surrender thereof." This surrender in the opinion of this Court may be made by the named insured, in person, or by his duly authorized agent. Generally, cancellation of an automobile liability policy by the insured

is not an act so personal in its nature that it cannot be delegated in the absence of statutory prohibition of such delegation. Chamberlain v. Employers. 289 Mass., 412, 194 N. E., 310.

Any request for cancellation of the policy clearly must be made after the policy has been issued and while it is in force. It does not follow, however, that the agent who makes the request in behalf of the insured, must have been authorized to do so, after the policy has been issued, and while it was in force. Such authority may have been given prior to, or contemporaneously with the issuance of the policy. It may also be given upon condition, to be exercised in the discretion of the agent, upon the happening of the condition.

The terms of the contract of insurance here are, of course, contained in the written policy. The Court finds, however, that there was a separate oral agreement entered into between Traviglia and Gamiere with respect to cancellation upon the failure of Traviglia to pay the premiums. This was not part of the contract of insurance between Traviglia and Ohio Valley Automobile Insurance Company. Only Traviglia and Gamiere, acting in his own behalf, and not for his principal, were parties to this agreement. Gamiere did not undertake to bind his principal by this agreement. If Traviglia failed to pay the premiums within the time agreed upon with Gamiere, it was not intended to result in a forfeiture of the policy. It was for the protection of Gamiere, who, upon the issuance of the policy, became liable to the Carr Agency for the amount due for the premium. In extending credit, he was acting for himself and not for the insurance company. In consideration of the extension of credit, Traviglia agreed that upon his failure to pay the amount due as a premium, within the time agreed upon with Gamiere, the latter, acting for him, might cancel the policy, and thus relieve himself of liability to the Carr Agency. The effect of this oral agreement was to authorize Gamiere, in behalf of Traviglia, to have the policy cancelled by the insurance company, by making the surrender as provided in the policy. The agent having surrendered the policy, upon the failure of Traviglia to pay the amount due him for the premium on the policy within the time agreed upon, the policy was cancelled on June 19, 1953. Thereafter the policy ceased to have any validity as a contract of insurance. Dawson v. Concordia Fire Insurance Co., 192 N. C., 312, 135 S. E.. 34.

In the light of the principles enunciated in the cases cited above, the finding and judgment on the supplemental petition is for the new party defendant, The Ohio Valley Automobile Insurance Company. Order See Journal.

**ANGELO, Plaintiff, v. TRAVIGLIA, Defendant, OHIO VALLEY AUTOMOBILE INSURANCE COMPANY, New Party Defendant.**

Common Pleas Court, Cuyahoga County.

No. 653079. Decided February 20, 1958.

## SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW.

By J. J. P. CORRIGAN, J.:

The plaintiff in this action, tried by the Court without a jury, having requested the Court to state in writing the Findings of Fact found separately from the Conclusions of Law, the Court does so as follows:

### FINDINGS OF FACT

From a preponderance of the evidence, the Court finds the facts to be as follows:

1. Plaintiff has brought this supplemental petition, making The Ohio Valley Automobile Insurance Company a new party defendant, under authority of §§3929.04 and 3929.05 R. C.

2. New party defendant (now known as Ohio Valley Insurance Company) is an Ohio corporation, engaged in the business of selling casualty insurance by and through authorized agents including The Carr Insurance Agency of Cleveland, Ohio.

3. The Carr Insurance Agency employs licensed solicitors including the wife of Henry D. Gamiere; the latter, although not a licensed solicitor for casualty insurance, wrote such casualty insurance on his wife's license through The Carr Insurance Agency.

4. Defendant, Vincent N. Traviglia, was in need of an automobile liability insurance policy, but was without funds to pay the premium therefore and so he entered into a separate oral agreement with Henry D. Gamiere, whereby the latter agreed to give defendant Vincent N. Traviglia 30 days from the date of the issuance of the policy within which to pay the full premium due thereon with the further express understanding and agreement that Henry D. Gamiere was to retain possession of the policy of insurance with authority to return and surrender the said policy for cancellation in the event the full premium was not paid within said period of time; this separate oral agreement between defendant Vincent N. Traviglia and Henry D. Gamiere was without the prior knowledge of the new party defendant.

5. On May 19, 1953, The Carr Insurance Agency, at the instance of Henry D. Gamiere, issued new party defendant's Combination Automobile Policy No. A-25746, naming defendant Vincent N. Traviglia as insured, the policy period being from May 19, 1953 to May 19, 1954, and the premium due thereon being in the amount of Forty-Nine ($49.00) Dollars; The Ohio Valley Insurance Company looked to Carr Insurance Agency for premium payments on business from the agency and Carr Insurance Agency looked to the solicitor for payment of the premium.

6. The Carr Insurance Agency gave the insurance policy to Henry D. Gamiere for delivery to defendant Vincent N. Traviglia, the insured; in accordance with the separate oral agreement referred to in Finding of Fact No. 4 above, Henry D. Gamiere retained possession of the policy with authority to return and surrender same for cancellation in the event the insured did not pay him the full premium due thereon within the time agreed upon.

7. Several days after issuance of the policy of insurance defendant Vincent N. Traviglia paid Ten ($10.00) Dollars on account on the pre-

mium and on June 5, 1953 his wife made a further partial payment of Fifteen ($15.00) Dollars, at which time she was given an identification card by Henry D. Gamiere and reminded that the balance of the premium had to be paid within the time agreed upon or the policy would be returned and surrendered for cancellation; although several attempts were made to collect the balance of the premium, no further payments were made thereon and Mrs. Gamiere, solicitor and wife of Henry D. Gamiere, was advised that no further funds were available for payment of the balance due on the premium and was told to cancel the policy.

8. Paragraph 22 of the Conditions of the policy of insurance provides:

"22. CANCELLATION. This policy may be cancelled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

9. Not being paid the full premium due on the policy within the time agreed upon between defendant Vincent N. Traviglia and Henry D. Gamiere, the latter, pursuant to such request and in accordance with the separate oral agreement as outlined in Finding of Fact No. 4 above, returned and surrendered for cancellation the policy of insurance to The Carr Insurance Agency which received it on June 17, 1953 and after endorsing thereon "FLAT CANCELLATION" sent it to new party defendant, Ohio Valley Insurance Company, where it was received on June 20, 1953 and cancelled flat as of that date; on such flat cancellation Ohio Valley Insurance Company did not charge any premium and no premium was ever received by it on the cancelled policy.

10. On July 18, 1953 defendant Vincent N. Traviglia was involved in an automobile accident, resulting in injury to the plaintiff and damage to his property, for which plaintiff filed suit against defendant Vincent N. Traviglia in the Common Pleas Court of Cuyahoga County, Ohio and the new party defendant was duly notified thereof; by reason of the aforesaid cancellation of the policy of insurance, one month prior to the accident, the new party defendant denied liability thereon and consequently declined to participate in the defense of all suits and claims made against defendant Vincent N. Traviglia arising out of the aforesaid automobile accident.

11. On December 7, 1955, plaintiff recovered a judgment against defendant Vincent N. Traviglia in the sum of Sixteen Thousand Four Hundred and Sixty ($16,460.00) Dollars, with costs, which judgment remains unpaid.

## CONCLUSIONS OF LAW

1. Under §3929.27 R. C., Henry D. Gamiere was the agent of the Ohio Valley Insurance Company for the purpose of soliciting the insurance and procuring the business; however, the statute did not preclude Henry D. Gamiere from becoming agent of the insured defendant Vincent N. Traviglia for the purpose of delivery of the policy.

2. Ohio Valley Insurance Company's Combination Policy No. A-25746 was effective when issued on May 19, 1953 subject to all of the terms and conditions thereof and remained in full force and effect until cancelled on June 20, 1953.

3. A policy of insurance once in effect may be cancelled only in accordance with the provisions thereof and Ohio Valley Insurance Company's Combination Policy No. A-25746 provided for cancellation by the insured by surrender of the policy.

4. A policy of insurance cancellable upon surrender thereof by the insured, as in Ohio Valley Insurance Company's Combination Insurance Policy No. A-25746, may be surrendered for cancellation either by the named insured in person or by his duly authorized agent, which authority may be given such agent prior to or contemporaneously with the issuance of a policy of insurance and may also be given upon condition, to be exercised in the discretion of the agent, upon the happening of the condition.

5. The separate oral agreement between the defendant Vincent N. Traviglia (the insured) and Henry D. Gamiere with respect to surrender of the policy for cancellation upon failure of defendant Vincent N. Traviglia to pay the premium, was not a part of the contract of insurance between defendant Vincent N. Traviglia and new party defendant Ohio Valley Insurance Company and in respect thereof Henry D. Gamiere acted in his own behalf and did not undertake to or bind Ohio Valley Insurance Company.

6. The effect of the separate oral agreement between the insured Vincent N. Traviglia and Henry D. Gamiere was to authorize said Henry D. Gamiere, as agent of and in behalf of the insured Vincent N. Traviglia, to surrender the policy to the issuing company for cancellation, as provided in the policy, in the event the insured Vincent N. Traviglia did not pay to Henry D. Gamiere the premium due thereon.

7. Henry D. Gamiere under authority of the separate oral agreement and as agent for and on behalf of the insured, Vincent N. Traviglia, surrendered the policy of insurance for cancellation and the policy was cancelled by the new party defendant Ohio Valley Insurance Company on June 20, 1953.

8. Ohio Valley Insurance Company's Combination Policy No. A-25746 was cancelled upon surrender thereof, by Henry D. Gamiere, as agent of the insured, in accordance with Paragraph 22 of the Conditions thereof on June 20, 1953 and ceased to have any validity thereafter as a contract of insurance and was not in full force and effect on July 18, 1953.

350

9. Ohio Valley Insurance Company is not liable on its Combination Policy No. A-25746 to defendant Vincent N. Traviglia, plaintiff, or anyone else claiming under §§3929.04 and 3929.05 R. C., by reason of any claims or judgments arising out of the accident which occurred on July 18, 1953 and involving the automobile owned and/or operated by defendant Vincent N. Traviglia; plaintiff is not entitled to judgment against new party defendant as prayed for and judgment is hereby rendered for new party defendant, The Ohio Valley Automobile Insurance Company.