Hardware Mutual Casualty Company, Plaintiff-Appellant, v. Ross M. Beals, Also Known As R. M. Beals, and Catherine Reid, Defendants-Appellees.

Gen. No. 10,234.

Third District.

May 15, 1959.

Rehearing denied June 18, 1959.

Released for publication June 18, 1959.

J. E. Horsley of Craig & Craig, of Mattoon (J. E. Gambill and Joseph R. Pfiffner, of counsel) for plaintiff-appellant.

Jack Austin and Ralph E. Suddes, of Mattoon (Thomas J. Logue, of counsel) for R. M. Beals and Catherine Reid, defendants-appellees.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

This is a suit for declaratory judgment wherein the facts in the case are not in dispute. On January 30, 1956, plaintiff Hardware Mutual Casualty Company issued an automobile liability insurance policy to R. M. Beals. It covered his 1955 Chevrolet sedan for a one year period. The insured, R. M. Beals, lived at 3000 Pine, Mattoon, Illinois, and that address was given in the policy. The cancellation clause in the policy provided as follows:

"Cancelation. This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation."

August 13, 1956, the plaintiff received by mail a handwritten communication as follows:

479

"Mattoon, Illinois
August 10th '56

"Hardware Mutuals
Springfield, Illinois
Adams Bldg.,
630 E. Adams St.
Dear Sir:

As I no longer own the car which was coverd by your policy no—606764. Wish ~~the~~ to have policy canceled as of this date.

Very truly yours
R. M. Beals"

This letter received by the plaintiff Hardware Mutual Casualty Company on August 13, 1956, was not in the handwriting of R. M. Beals and R. M. Beals did not authorize said letter to be written and did not post it.

On the same day the plaintiff sent, in an envelope properly stamped and addressed, to its insured at the address given in the policy, viz., 3000 Pine, Mattoon, Illinois, the following letter:

"R. M. Beals
3000 Pine
Mattoon, Illinois

As you requested, this policy is being cancelled as of 8–13–56. If there is any adjustment in your account as the result of this cancellation, you will hear from our Accounting Division.

When considering Automobile Insurance remember that Hardware Mutuals policy-holders are saving money on their insurance. Because this is a mutual company, savings in the form of dividends have been returned to policyholders every year since organization.

Should you desire insurance at any time, we shall be pleased to hear from you.

Insurance for your Automobile. .Home. .Business.

HARDWARE MUTUALS"

This letter was never received by R. M. Beals.

On August 28, 1956, plaintiff received back its letter of August 13 and on the reverse side thereof was written in longhand the following:

"I would appreciate very much if you would mail me a check for the amount due.

R. M. Beals"

The foregoing was not in the handwriting of R. M. Beals and was not his signature and was not written with his authority or knowledge. No acknowledgment was returned by the plaintiff of this notation because it happened that on the same date it had issued its premium refund check for the unearned premium in the amount of $34.26, which check was payable to R. M. Beals and placed in an envelope addressed to him at the address given in the policy, viz., 3000 Pine, Mattoon, Illinois, and mailed with sufficient postage thereon. This check bears endorsements "R. M. Beals" and then "Mrs. R. M. Beals" and shows that it was cashed at the Eisner Food Store No. 18 in Mattoon, Illinois. This check was not received by R. M. Beals and the endorsement, "R. M. Beals," on the back thereof was not in the handwriting of R. M. Beals and was made without the knowledge, consent, acquiescence or authority of R. M. Beals.

R. M. Beals and his wife had become estranged about July 14, 1956, on which date he moved and lived separate and apart from his wife, Dorothy Beals, at a different address, pursuant to an injunction issued in a divorce action enjoining him from coming upon the premises at 3000 Pine, Mattoon, Illinois. Dorothy Beals continued to reside at 3000 Pine. Thereafter Dorothy Beals obtained a divorce from R. M. Beals in the City Court of Mattoon, Illinois. It is agreed that Dorothy Beals, without the consent or knowledge of R. M. Beals, prepared and signed his name to the letter of August 10, and the notation on the back of

481

the letter of August 13, 1956, stating it would be appreciated if the check for the unexpired premium be mailed. She received the premium check, endorsed it and kept the proceeds. At no time during the transaction outlined above was Dorothy Beals the agent of or authorized to act for R. M. Beals.

R. M. Beals was involved in an automobile accident in December of 1956, in which accident one Catherine Reid received severe injuries. Catherine Reid thereafter brought suit against R. M. Beals in the Circuit Court of Coles County to recover damages for her personal injuries. Upon being served with summons, counsel for R. M. Beals mailed a copy of the complaint and summons to the plaintiff.

Following receipt of the complaint and the summons, plaintiff filed its complaint in this suit for a declaratory judgment, to declare that the policy of insurance issued by it to R. M. Beals had been cancelled prior to the accident of December, 1956, and that it had no liability thereunder. The Circuit Court entered a declaratory judgment declaring that the policy was in full force and effect and this appeal is from that judgment.

It is conceded that under the facts as above outlined there was no cancellation of the policy by the insured because of the lack of authority on the part of Dorothy Beals to act for R. M. Beals. The sole contention of the plaintiff is that notwithstanding this concession, its letter of August 13 should be construed as an effectual cancellation by the insurance company under the provisions permitting the company to cancel.

Worthy of note are certain allegations in plaintiff's complaint and amended complaint. In Paragraph 5 it is alleged among other things as follows:

"On or about August 13, 1956, being during the term stated in said policy of insurance, copy of which

is attached hereto marked 'EXHIBIT B', as aforesaid, the Plaintiff received at its office in Springfield, Illinois, a certain letter from the Defendant, ROSS M. BEALS, also known as R. M. BEALS, *canceling said policy of insurance, . . .*" (Emphasis supplied).

In Paragraph 6 of the complaint it is alleged among other things:

"On said last named date, to wit, August 13, 1956, the Plaintiff forwarded to the Defendant, ROSS M. BEALS, also known as R. M. BEALS, *an acknowledgment of said cancelation notice advising him of the acceptance of his said cancelation as of August 13, 1956, . . .*" (Emphasis supplied).

In Paragraph 7 it is alleged among other things:

"That on August 28, 1956, the Plaintiff received back *said acknowledgment of cancelation . . .*" (Emphasis supplied).

In Paragraph 10 it is alleged among other things:

"That by and because of the premises the policy of insurance, true copy of which is attached hereto marked 'EXHIBIT B', as aforesaid, *was canceled by the Defendant, ROSS M. BEALS, also known as R. M. BEALS, . . .*" (Emphasis supplied).

■ Also worthy of note is the fact that in setting out the cancellation clause of the policy in Paragraph 4 of the complaint, the plaintiff has emphasized by underscoring the provisions of the clause granting the insured the right of cancellation, together with the provisions of the clause providing for the method of computing the earned premium when the insured cancels the policy. With this fact, together with other allegations of the complaint, we think it a reasonable inference that the amount of the check mailed to R. M. Beals was computed upon the theory of a cancellation by the insured. The allegations of the amended complaint in the foregoing particulars are the same

or substantially the same as contained in the original complaint. Thus in the first instance when this suit was filed the plaintiff regarded the transaction as being a cancellation by the insured. The company's letter of August 13 is prefaced with the words "As you requested." The only reasonable interpretation of the company's letter of August 13 is that it is a mere acknowledgment of what is considered to be a valid cancellation by the insured. This view is strengthened by the company taking the opportunity of injecting the so called "sales pitch" (as characterized by counsel for plaintiff) in the second paragraph of the letter. It seems rather obvious to us, that the transaction will not bear the construction for which counsel now contends and no case is cited that even remotely so holds.

Counsel for plaintiff contend that the letter of August 10 (had it been genuine) could not be construed as a cancellation by the insured because it did not specify "when thereafter the cancellation shall be effective." A similar observation might well be made of the plaintiff's letter of August 13 in that it does not specify the date and hour of cancellation nor the date not less than 10 days thereafter when such cancellation should be effective. A complete answer, however, to plaintiff's contention will be found in State Farm Mut. Automobile Ins. Co. v. Pederson, 185 Va. 941, 41 S.E.2d 64, wherein it was held, after a review of what few authorities there are, that the purpose of the provision in the policy requiring that the notice from the insured shall state "when thereafter such cancellation should be effective" is merely to forestall a retroactive notice.

Counsel for plaintiff further contend that the letter of August 10 was merely a request that *the company act* to cancel the policy. This contention is

likewise answered by State Farm Mut. Ins. Co. v. Pederson, supra. In this case the insured wrote the company on May 23, 1945, in part as follows: "Please cancel my Pol. #34230–NS–46 as of today."

It was held that this was a sufficient cancellation by the insured and required no action by the company. In other words when cancellation is made by the insured the company may sit back and do nothing. It need not go through the physical motion of actually cancelling the policy; it need not reply; it need not acknowledge receipt of the notice; it need not even return the unearned premium except upon demand since all contractual relations are at an end, with only a debtor-creditor relation existing for return of the unearned premium.

In the foregoing Virginia case the letter was received by the company on May 28, 1945. It was also held that the cancellation by the insured became effective upon the date of receipt of the letter by the company on May 28 and that by so treating it, the policy provision, i.e., when thereafter etc., was complied with. In line with this case, the plaintiff in the case at bar would have been entitled to treat the effective date of the cancellation (had the letter of August 10 been genuine) as the date of receipt of the letter even though that letter fixed a date 3 days earlier. This is precisely what it considered it was doing by its acknowledgment of August 13.

█ We find no merit in the contentions of the plaintiff in this case. Accordingly the judgment of the Circuit Court of Coles County will be affirmed.

Affirmed.

REYNOLDS and CARROLL, JJ., concur.