Michael Catalano, J.
This is an action for a declaratory judgment determining whether on the date of an automobile accident, July 17, 1965, when defendant, Willie C. Austin (Austin) while operating a 1960 Buick automobile, was involved in collision with automobiles owned and operated by defendants, John Alton White (White) and Donald Gillette (Gillette), a policy of insurance issued by defendant, Allcity Insurance Company (Allcity) to Austin was in effect or was validly cancelled.
It was stipulated in open court and the court finds:
That defendants, Nettie C. Davidson, Horace F. Davidson, Bennie Medley, Benjamin J. Medley, Kathleen Medley, John A. White, Edison Napill, Donald Gillette, Willie Boyd, Raymond Logwood, Patricia Early, Willie Mae Butler, and one Mary McNair purportedly have claims for injury sustained as the result of said automobile accident which happened on July 17, 1965, at Michigan and Northampton Streets in the City of Buffalo, New York.
That on July 17, 1965, an automobile operated by Austin was involved in said accident which gave rise to said claims of said defendants and Mary McNair.
That effective April 23, 1965, Allcity issued a policy of automobile liability insurance to Austin.
That defendant’s Exhibit C is a correspondence from the Department of Motor Vehicles addressed to attorney Robert Liebman, form FS25, mailed August 16,1965.
The court also finds:
The Empire Insurance Group (Group) consists of the Empire Mutual Insurance Company (Empire) and Allcity.
*248 April 23,1965, Austin applied for insurance to Allcity through Donald K. Peterson (Peterson) the “ producer.” The term issued was from April 23, 1965 to April 23, 1966, for 10-20-5 coverage, total policy premium being $122, policy number L-22-100587. April 23, 1965, Austin and Peterson entered into a premium finance agreement that was assigned to the Agents Policy Plan, Inc. (Agents) to pay the total gross premium of $122. The broker’s fee was $10, service charge $10, Austin’s down payment $35, leaving a balance of $107 to be paid in eight installments of $13.37 each on the 5th day of each month commencing May 5, 1965. April 26, 1965, Agents drew its check for $97 payable to Peterson who deposited it in his bank account.
May 3, 1966, the Department of Motor Vehicles, Division of Motor Vehicle Regulation addressed a letter (FS8.7) to attorneys Adel and Murphy, stating that Austin was not covered by financial security on the accident date, July 17,1965.
May 11, 1965, Agents mailed a notice of default and cancellation effective May 26, 1965, 12:01 a.m. standard time to Allcity, Peterson and Austin, for nonpayment of premium installment.
A notice of termination addressed to the Department of Motor Vehicles (FS-4), prepared by Allcity, stating that the insurance certified by the company in its New York Motor Vehicle Financial Security Certificate of Insurance theretofore issued to Austin was terminated effective May 26, 1965 at 12:01 a.m., was sent to said department 26 days after said date.
August 5, 1965, Group in behalf of Allcity mailed a notice of cancellation, effective August 15, 1965, 12:01 a.m. standard time, to Peterson and Austin, for nonpayment of premium installment.
August 31,1965 the Department of Motor Vehicles, in answer to an insurance information search request (FS-25), stated that Austin was covered by insurance in effect on July 17,1965, naming Allcity as insurer, addressed to attorney Robert Liebman (defendant’s Exhibit C in evidence).
October 8, 1965, Allcity wrote to Agents concerning Austin’s insurance, stating: “ Apparently a copy of the finance agreement was lost somewhere in the shuffle and we would appreciate your sending us a duplicate of the original finance agreement.”
November 17,1965, the Department of Motor Vehicles received a report of motor vehicle accident (MV-104B) covering Austin’s accident of July 17,1965, signed by Austin, stating that an insurance policy of 10-20-5 coverage was in effect on the date of the accident, issued by Allcity, naming insurance representative Donald K. Peterson, whose employee assisted in preparing this report.
When a premium finance agreement contains a power of attorney or other authority enabling the premium finance agency to
_ *249 cancel any insurance contract or contracts listed in the agreement, said contract or contracts shall not be cancelled unless such cancellation is effectuated by, inter alia, the filing of notice of cancellation by the insurer with the Commissioner of Motor Vehicles not later than 30 days after said cancellation date where required per former section 93-c of the Vehicle and Traffic Law, or section 313 (successor) thereof (see Banking Law, § 576, subd. 1, par. [g]; Vehicle and Traffic Law, § 313, in effect in 1965).
The mandated, timely filing of the notice of cancellation with the Commissioner goes to the essence of the proper cancellation by the insurer; without such timely filing there can be no cancellation. (See Johnson v. General Mut. Ins. Co., 26 A D 2d 602; Cannon v. Merchants Mut. Ins. Co., 35 Misc 2d 625.)
This notice is required to be “ served ” (Banking Law, § 576, subd. 1, par. [a]) or served by “ mail ” (par. [b]), and “ sent ” (par. [d]) and “ filed,” (par. [g]). Each step in the prescribed procedure of cancellation is vital.
Here, Agents mailed to Austin and Allcity an unconditional written notice of cancellation 15 days before the effective, exact time and date of cancellation, to wit, May 26, 1965 at 12:01 a.m. All proper notices were contained on this notice. A notice of termination was sent to the Department of Motor Vehicles by Allcity 26 days after its cancellation date, but it was not filed with the Commissioner of Motor Vehicles not later than 30 days after May 26, 1965. The notice was not received by the department before August 31,1965 when a formal, official search for it was made, the department reporting that on July 17,1965, Austin was covered with insurance issued by Allcity.
Allcity’s failure to file the notice of cancellation with the Commissioner not later than 30 days after May 26, 1965 voided it. Therefore, Allcity’s insurance issued to Austin was in full force on July 17,1965, the accident date.
Declaratory judgment is granted in favor of the plaintiff against the defendants accordingly, and enjoining the defendants from proceeding to arbitration.