A. Franklin Mahoney, J.
This is a motion for summary-judgment in lieu of complaint (CPLR 3213). The action is based oh a judgment in the sum of $32,985 obtained after inquest, the defendant having defaulted. The moving papers and those submitted in opposition raise an interesting question, the resolution of which requires a recitation of factual background.
Hartford Accident and Indemnity Company (hereinafter called Hartford) issued to John E. Martin (hereinafter called insured) an automobile insurance policy on a 1955 Cadillac automobile covering the period from April 28, 1967 to April 28, 1968. On May 31, 1967 the insured entered into a premium finance agreement with Prepaid Premium, Inc. Prepaid notified the insured and Hartford, as insurer, on June 14, 1967, of the termination and cancellation of the policy, effective June 29, *993 1967, for nonpayment of premium. Hartford did not file Form FS-4 (notice of termination) with the Commissioner of Motor Vehicles of New York until August 23, 1967, 54 days following notice to it of cancellation but 12 days before the date of the accident.
On July 3, 1967 (after notice by finance company to Hartford of cancellation but before notice of cancellation by Hartford to Commissioner of Motor Vehicles), the insurance coverage of Hartford’s policy was transferred from the 1955 Cadillac to a 1958 Ford, both vehicles being registered in the name of the insured. On September 4, 1967 plaintiff’s intestate was a passenger in the insured Ford car when it was involved in an accident causing injury and death. Thereafter, the deceased’s estate commenced an action against Martin and his son (the latter was allegedly operating vehicle with consent and permission of Martin, Sr.). Hartford disclaimed, and the case proceeded to trial without jury and terminated in a default judgment in the sum of $32,985. The plaintiff then began an action in equity against Hartford, the insured, and the Globe Indemnity Company, the last-named defendant having issued a family automobile liability policy which was in effect as “ excess ” coverage on the date of the accident. In that action the plaintiff prays that the court “ declare ” which of the two policies was in effect on September 4, 1967. Within the framework of the equitable action plaintiff moved for summary judgment. The motion was denied on the ground that the question of whether the broker, who transferred Hartford’s policy coverage from the Cadillac to the Ford automobile, was the insured’s or Hartford’s agent, raised a triable issue of fact.
Against that background, the plaintiff moves for summary judgment pursuant to section 167 of the Insurance Law and defendant Hartford cross-moves to dismiss the action because of the pendency of another cause of action (CPLR 3211, subd. [a], par. 4).
There can be no doubt that “ Upon the cancellation of motor vehicle liability insurance by a premium finance agency, notice of such cancellation * * * shall be filed by the insurer * * * with the commissioner of motor vehicles not later than thirty days following the effective date of such cancellation” (Banking Law, § 576, subd. 1, par. [g]). It is conceded that Prepaid Premium, Inc. notified Hartford that its policy would be terminated on June 29, 1967 and, further, that Hartford did not file notice of termination with the Commissioner within 30 days following June 29, 1967. The timely filing mandated by section 576 of the Banking Law goes to the essence of proper *994 cancellation and in the absence of such timely filing there can be no cancellation (MVAIC v. Davidson, 56 Misc 2d 246; Johnson v. General Mut. Ins. Co., 26 A D 2d 602). However, is a notice of termination not filed within the statutory 30 days but filed before (italics supplied) the happening of the accident effective so as to condone a disclaimer by an insurer? The answer is determined by the applicable law. If the policy of insurance is canceled by the insurer pursuant to section 313 of the Vehicle and Traffic Law, then a late filing of the notice of cancellation with the Commissioner of Motor Vehicles will not operate to vitiate the effect of such cancellation provided the accident happened more than 10 days after the filing of the PS-4 with the Department of Motor Vehicles. In Kyer v. General Cas. Co. of Amer. (14 A D 2d 649) the court said that cancellation should not depend on the filing of notice with the Commissioner, the court being of the view that the words “ following the effective date of ’ ’ the cancellation suggest the filing of notice with the Commissioner be made after the policy was no longer in effect. (See Murry v. Allstate Ins. Co., 16 A D 2d 958 and Perez v. Hartford Acc. & Ind. Co., 31 A D 2d 895.)
Where, however, the cancellation was not by the insurer but, rather, by a premium finance agency, then the court must look to section 576 of the Banking Law. That act provides that when a premium finance agency has the authority to cancel insurance coverage, the contract shall not be canceled unless the insurer, not later than 30 days following the effective date of such cancellation, files with the Commissioner of Motor Vehicles a notice of cancellation. In the case at bar such notice was not filed within 30 days of cancellation and, accordingly, the policy was in full force and effect on July 29,1967. Further, it was in effect on September 4, 1967, the date of the accident, if the transfer of coverage from the Cadillac to the Ford automobile on July 3,1967 was effective and therefore binding on Hartford. As stated above, timely filing of notice with the Commissioner of Motor Vehicles is mandated by section 576 and is a necessary condition precedent to effective cancellation (MVAIC v. Davidson, 56 Misc 2d 246, supra).
If it were not for the issue of agency with respect to the act of the broker in transferring the policy from the Cadillac to the Ford, it would seem to the court appropriate to grant summary judgment pursuant to section 167 of the Insurance Law. Nor would such relief be denied because of the pendency of another action. CPLR 3211 (subd. [a], par. 4), relied on by Hartford, permits the court to make such an order as justice requires. In the absence of any attack on the default judgment, *995 plaintiff must recover against Hartford or Grlobe, and, since Hartford failed to effectively terminate its policy, summary judgment against Hartford would, as a matter of law, operate to effect a discontinuance against Grlobe since the latter policy would only be operative if Martin were found to be an uninsured motorist. Justice would seem to compel such an order, since it would cast the onus of payment on the primary insurance obligor that defaulted in its duty, and, by operating as a discontinuance as to Grlobe in the equity action, as a matter of law, it would conclude the action that, otherwise, must wait 16 to 20 months for resolution.
Regrettably, however, the court is without power to ££ spin off ” for immediate trial the issue of agency that must be resolved before the question raised in the equity action can be answered. That the question of agency is an issue of fact cannot be disputed (29 N. Y. Jur., Insurance, §§ 423, 425, 426). The court cannot accept movant’s position that in a CPLR 3213 motion the facts alleged in the moving papers must be taken as true when, as herein, the respondent’s papers allege the pendency of another action. In my view, there is another action pending between the same parties for the same relief, i.e., payment of the default judgment. The equity action seeks to identify the responsible carrier; while this proceeding is an effort to answer, pre-emptorily, by motion, the same issue raised in the former action. On a motion for summary judgment (CPLR 3212, 3213) the court must deny the motion if any factual issue arises requiring a trial. The apparent conflict between this mandate of CPLR 3212 (subd. [b]) and CPLR 2218 which provides that “ The court may order that an issue of fact raised on a motion shall be separately tried by a court or a referee ” is reconciled by an understanding of the subtle difference between an £ £ issue of fact” affirmatively raised^by movant’s use of CPLR 3212 or 3213 and a factual issue created by respondent’s employment of the enumerated provisions of CPLR 3211.. In the former, the court would, in effect, be granting a preference if it1£ spun off ” the agency issue and directed that it be tried immediately. The court is powerless to grant a preference when the requisite reasons for such relief are absent. However, when a factual issue is raised by a CPLR 3211 motion (cross motion herein) and, further, the resolution of that issue will dispose of the whole case, then the court should ££ in the interest of justice ” order an immediate trial of that issue.
In the case at bar the issue of agency raised by the CPLR 3212 motion is not referable for the simple reason that the movant is not entitled to a preference. The issue of another action pend *996 ing, etc., raised by the CPLR 3211 cross motion is likewise not of a nature to prompt immediate trial, because its resolution would not dispose of the whole case. No purpose would be served by an order directing a separate trial of this issue. (See Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3212, 1969-1970 pocket part, p. 241.)
Motion for summary judgment denied.
The cross motion to dismiss the action brought pursuant to section 167 of the Insurance Law is granted. The issue of agency must be resolved within the context of the pending equitable action in Supreme Court, Ulster County.