Saul S. Stbeit, J.
Respondent seeks leave to reargue claimants ’ motion for an order vacating a stay of arbitration (granted by this court on October 30, 1968) and upon reargument, respondent seeks vacation of this court’s order, dated May 1, 1970, which vacated the prior stay.
Empire Mutual Insurance Company had issued a policy of motor vehicle liability insurance to one Robert J. Toler, the driver and owner of the alleged responsible vehicle herein. The cost of that policy was financed by the Policy Funding Corporation, a premium finance company. Due to alleged nonpayment, the premium finance company sent a notice of cancellation to both the insured and the insurer, terminating the policy effective January 31, 1964. It is conceded that these notices were in accordance with the provisions of section 576 of the Banking Law, which governs the cancellation of insurance contracts by premium finance agencies. Upon the prior proceeding it was also established that the insurer had returned all unearned premiums and had filed the notice of cancellation with the Commissioner of Motor Vehicles. Since it appeared that all the requirements of section 576 of the Banking Law had been complied with, this court held that the insurance had been effectively canceled, so that the insurer was not liable for the accident *166 which occurred on May 20,1964, and the court vacated the prior stay of arbitration sought to be had with MVAIC.
Upon this application for reargument, respondent submits a receipted copy of the cancellation notice filed with the Commissioner of Motor Vehicles which shows that such notice was not filed until April 13, 1964. Section 576 (subd. 1, par. [g]) mandates that such filing be made ‘ ‘ not later than thirty days following the effective date of such cancellation.” Respondent argues that this requirement for timely filing is a condition precedent to effective cancellation and that the failure to comply with the 30-day provision voids the cancellation. Thus, notwithstanding the fact that the filing was completed more than one month prior to the accident, the lateness in filing assertedly voided the entire cancellation procedure and Empire’s insurance issued to Toler was in full force on May 20, 1964, the accident date.
Two courts have already held that this is precisely the consequenbe of a late filing (MV AIC v. Davidson, 56 Misc 2d 246; Theodore v. Hartford Acc. & Ind. Co., 60 Misc 2d 991, 994). To be sure, it has been definitively settled, with respect to the notices, to be given the insured and insurer under section 576, that there must be absolute compliance with the statutory requirements or the cancellation will be deemed a nullity (Johnson v. General Mut. Ins. Co., 24 N Y 2d 42, 48; see, also, Cannon v. Merchants Mut. Ins. Co., 35 Misc 2d 625). The insurer argues that this strictness should not extend to the filing provision and that late filing should not preclude the perfection of cancellation provided the filing precedes the date of the accident. The court notes that section 313 of the Vehicle and Traffic Law, which sets the procedure for cancellation of a policy directly by the insurer, contains a provision for filing the notice of cancellation with the Commissioner of Motor Vehicles within 30 days, which is substantially identical with that contained in section 576 (subd. 1, par. [g]) of the Banking Law.
The section 313 filing requirement has been construed more liberally. It has been held that cancellation under section 313 is complete before any filing with the Commissioner (see Kyer v. General Cas. Co. of Amer., 14 A D 2d 649) and that termination of insurance thereunder is unaffected by the insurer’s failure to file the notice within the required 30 dgys, so long as the filing sufficiently precedes the date of accident (see Perez v. Hartford Acc. & Ind. Co., 31 A D 2d 895, affd. 26 N Y 2d 625; Murry v. Allstate Ins. Co., 16 A D 2d 958). It may be argued, *167 then, that it is unreasonable to give similar statutory provisions opposite constructions.
However, this court finds merit in the position adopted by the courts in MV AIC v. Davidson and Theodore v. Hartford Acc. & Ind. Co. (supra). Section 576 (subd. 1) of the Banking Law provides that an insurance policy financed by a premium finance agency ‘ ‘ shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions ” The statute then lists seven provisions, covering, inter alia, the timing and content of cancellation notices, the return of unearned premium, and the filing of the cancellation notices with the Motor Vehicle Commissioner. From the very wording of the statute it would appear that strict compliance with all the stated provisions is essential fully to effectuate a cancellation. Failure to strictly satisfy any condition results in the failure of attempted cancellation. Its express terms would appear to differentiate this section from its Vehicle and Traffic Law counterpart. Moreover, section 576 (subd. 1, par. [e]) contains .the following express disclaimer: “ Notwithstanding that certain provisions of * * * section three hundred thirteen of the vehicle and traffic law * * * are consistent with certain of the provisions of this article, [that section] shall not be applicable to cancellation of insurance by a premium finance agency under the provisions of this article.”
Accordingly, this court sees no inconsistency in the varying constructions afforded the filing provisions of the two statutes and adopts the construction of section 576 urged by respondent. The motion for reárgument is granted and upon reconsideration the court recalls its decision filed April 16, 1970, vacates its order dated May 1,-1970, and grants respondent’s motion for a permanent stay of arbitration.