MICHAEL J. ORISINI et al., Respondents, *v.* NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent; EMPIRE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.

Third Department, November 12, 1970.

[black redaction bars]

*Alfred C. Saunders* (*Philip Hoffer* of counsel), for appellant.

*Carusone & Carusone* (*John J. Carusone* of counsel), for Nationwide Mutual Insurance Company, respondent.

*Carroll & Amyot* (*J. Raymond Amyot* of counsel), for Michael J. Orisini and another, respondents.

REYNOLDS, J.   These are appeals from a declaratory judgment of the Supreme Court, Saratoga County, holding a policy of automobile liability insurance issued by appellant Empire Mutual Insurance Company [Empire] to be in full force on June 3, 1968 and from an order of the same court denying a motion for a rehearing and reconsideration of its declaratory judgment.

On June 3, 1968 an automobile owned by Howard E. Manney was involved in an accident.   Empire had issued to Manney an automobile insurance policy for a period of one year commencing October 12, 1967.   The Empire premium payments were financed by Joel W. Ager, a licensed premium finance agency. Prior to March 21, 1968 Empire received from Ager an unconditional written notice dated March 6, 1968 canceling the policy effective March 21, 1968.   According to the affidavit of William D. Learmonth, an employee at the home office of Empire, he mailed a cancellation notice to the Commissioner of Motor Vehicles in Albany on April 1, 1968, in accordance with the requirements of section 313 of the Vehicle and Traffic Law and section 576 of the Banking Law.   This notice did not appear, however, in the Motor Vehicle Department's files, and on January 16, 1969 Empire filed a certified copy of said notice.   The trial court held that the failure to meet the filing requirement of

240

section 576 of the Banking Law precluded an effective cancellation of the policy and, therefore, the policy was in force on the date of the accident. We concur in this result. Although under section 313 of the Vehicle and Traffic Law, failure to file a notice of cancellation with the Commissioner does not affect cancellation (*Murry* v. *Allstate Ins. Co.*, 16 A D 2d 958; *Kyer* v. *General Cas. Co. of Amer.*, 14 A D 2d 649), section 576 of the Banking Law is controlling here (*Theodore* v. *Hartford Acc. & Ind. Co.*, 60 Misc 2d 991, 994) and under that section cancellation is not effective unless the notice is filed as prescribed by the statute. Mailing cannot be treated as equivalent with statutory requirement of filing (see *Motor Vehicle Acc. Ind. Corp.* v. *Davidson*, 56 Misc 2d 246, 249). The act of "filing" implies a receiving of the notice of cancellation, whereas a mere mailing does not require such actual notice.

The judgment and order should be affirmed, with costs.

Herlihy, P. J., Staley, Jr., Greenblott and Sweeney, JJ., concur.

Judgment and order affirmed, with costs.