Steves B. Debotjsias, J.
This motion by defendant, County of Nassau, for summary judgment, and cross motion by plaintiff to continue taking the depositions of certain named employees or agents of the defendant, are disposed of as follows:
Defendant’s motion for summary judgment is predicated on two grounds:
(1) That plaintiff failed to file a notice of claim prior to instituting its action, and
(2) that there are no triable issues of fact requiring a trial.
As to its first ground, defendant contends that the filing of a notice of claim must, as a matter of law, precede the commencement of plaintiff’s action and, in support thereof, it cites section 52 of the County Law of the State of New York, section 50-e of the General Municipal Law, and section 11-4.1 of the Nassau County Administrative Code (L. 1939, ch. 701, as amd.).
While the body of section 52 of the County Law speaks of “ Any claim ”, the heading of that section is entitled: “ Presentation of claims for torts; commencement of actions ”. An interpretation of this section of the County Law must take into account the obvious, that is, that the body of the section, whether it refers to “ a claim ” or, as it does, to “ Any claim ”, clearly was intended to refer to tort claims only, as its title indicates. The court finds that there is no ambiguity in the language of County Law section 52, and holds that it applies only to tort claims. The court finds no additional support for defendant’s arguments based on the language of either General Municipal Law section 50-e or section 11-4.1 of the Nassau County Administrative Code.
The cases cited by defendant do not support its position. Those cases were based on tort and not contracts.
Defendant also argues that even if the laws referred to (supra) apply only to tort claims, it would still be entitled to the relief it seeks in its “Causes of Action 2, 3 and 4 for damages sounding in tort”. That argument has been laid to rest in a long series of cases (Jackson v. State of New York, 210 App. Div. 115, affd. 241 N. Y. 563; Soviero Bros. Contr. Corp. v. City of New York, 286 App. Div. 435, affd. 2 N Y 2d 924). This action grew out of a contractual relationship between the parties and language in the complaint sounding in tort does not transform what is obviously an action on a contract to a tort action. Ultramares Corp. v. Touche (255 N. Y. 170), relied on by defendant, is inapplicable.
Finally, defendant asserts that it should be granted summary judgment on the ground that there are no triable issues of fact *753 presented. The court disagrees, and finds that there are serious and critical issues of fact presented that cannot he disposed of by summary disposition, but require a full trial. Where the record as submitted by both parties on a motion for summary judgment reveals the existence of conflicting issues of fact which can only be resolved by a trial, summary judgment should not be granted. (Werfel v. Zivnostenska Banka, 287 N. Y. 91; Guigliano v. Basirico, 33 A D 2d 1045; Theodore v. Hartford Acc. & Ind. Co., 60 Misc 2d 991.)
Defendant’s motion for summary judgment is in all respects denied.
Plaintiff’s cross motion, to continue taking the oral depositions of certain named employees or agents of the defendant, is denied.