CLAYTON CANNON et al., Plaintiffs, *v.* MERCHANTS MUTUAL INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, May 9, 1962.

*Newman & Holzberg* for plaintiffs. *Robert Hill Nix* for defendant.

NATHANIEL T. HELMAN, J. Plaintiffs move for summary judgment. The defendant issued to the plaintiff (Clayton) a policy of automobile liability insurance. Universal Rockville Corp. financed the payment of premium and plaintiff's agreement with

Universal provided that any default would constitute an election by the plaintiff to cancel the policy and Universal was authorized to notify the defendant of such cancellation. Plaintiff did default under his agreement with Universal and in accordance with the authority given to the latter it issued a notice of cancellation pursuant to section 576 of article XII-B of the Banking Law. A copy of the notice is dated October *13*, 1960 and the specified date and time of cancellation is October *26*, 1960 at 12:01 A.M. It is alleged and stated, on information and belief, that such notice was mailed by Universal at the close of business on October *13*, 1960. Section 576 provides as follows:

"Cancellation of insurance contract upon default. 1. When a premium finance agreement contains a power of attorney or other authority enabling the premium finance agency to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions:

"(a) Not less than ten days unconditional written notice be served upon the insured or insureds shown on the premium finance agreement that his or their insurance contract or contracts shall be cancelled. The exact time and date of the cancellation must be set forth in such notice.

"(b) Service of the notice by mail shall be effective provided that the notice is mailed to the address of the insured or insureds shown on the premium finance agreement and that at least three days for mailing such notice is added to the ten day notice period."

It is plaintiff's contention that such notice did not afford to him *13* full days of notice of cancellation of the liability policy in accordance with the statute. Defendant concedes that under the provisions of the General Construction Law the day of mailing would be excluded from the computation as one of the 13 days so that plaintiff would be entitled to the declaratory relief sought by this action if it were proven as alleged that the date of mailing was October *13*, 1960. The defendant argues that there is nothing contained in the moving papers but a statement on information and belief as to the time of mailing and therefore there is no competent proof to enable the plaintiff to prevail at this time. It happens that on October 28, 1960, the vehicle was involved in a collision as a result of which the plaintiffs sustained injuries. The purpose of the action is to have judgment declaring that the notice of cancellation is of no force and effect and that the policy continued in force and effect on October 26, 1960, and on October 28, 1960.

It appears to me that plaintiff has a right to rely on the notice of cancellation itself for the purpose of determining the date of mailing. The requirement of subdivision 2 of section 576, for a specification of the exact time and date of cancellation were intended to assure the full 10 days which the law required. Immediately above the phrase '' effective date of cancellation '', on defendant's notice, are the words, '' *Date of Notice — Oct. 13, 1960.*'' From the contents of the notice itself it is apparent that it was not mailed prior to October 13. In the absence of evidence to the contrary, the notice prepared by defendant in the regular course of its business will serve to fix the date of the mailing.

Accordingly, the motion for summary judgment will be granted. Settle order on notice.