REBECCA GRIFFIN, B/N/F CHARLEEN GREENE v. HARTFORD ACCIDENT AND INDEMNITY COMPANY.

(Filed 7 April, 1965.)

Insurance § 61— Where loan company advancing premium is agent authorized to cancel, insurer has no right to ignore its direction to cancel.

Insured in an assigned risk policy of automobile liability insurance has the right to cancel his policy (subject to the penalties prescribed by G.S. 20-311 if he operates a motor vehicle without insurance) and he may authorize another to act for him in canceling, and therefore where insured

constitutes the loan company financing the premium insured's attorney in fact with authority to cancel, and the loan company, upon insured's default in payment of an installment of the loan, directs insurer to cancel and refund to it the unearned portion of the premium, the return of the unearned portion of the premium is not prerequisite to cancelation under the terms of the policy, and insurer is not under obligation to ascertain what sums insured still owed the loan company and apply any overage to the continuation of the policy, and evidence relating to the refund is erroneously admitted upon the question of whether the policy had been validly canceled.

APPEAL by defendant from *Pless, J.,* November 9, 1964 Civil Session of GASTON.

On February 27, 1961, defendant issued to Mildred J. Sadler, as an assigned risk, its automobile liability insurance policy. The policy, a standard form, insured Sadler against liability resulting from the negligent operation of a specifically described automobile. It obligated defendant: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * caused by accident arising out of the * * * use of the automobile."

In December 1962, plaintiff obtained a judgment against Sadler for $3,500 for personal injuries caused by the use of the insured automobile on July 15, 1961.

Plaintiff seeks by this action to compel satisfaction of Sadler's liability. Defendant admitted issuing the policy of insurance. It denied liability, asserting the policy of insurance had been canceled, as permitted by the policy, prior to July 15, 1961, the day plaintiff was injured. The jury found that the policy had not been canceled. Thereupon the court entered judgment that plaintiff recover of defendant the sum of $3,500, the amount for which Sadler had been adjudged liable to plaintiff by the Superior Court of Gaston County.

*J. Donnell Lassiter; Kennedy, Covington, Lobdell & Hickman for defendant appellant.*

*Horace M. DuBose, III, for plaintiff appellee.*

RODMAN, J. Plaintiff's assignments of error present this question: Did the court commit prejudicial error in admitting evidence offered for the purpose of showing an unauthorized cancelation?

The policy, a standard form, permits cancelation by the insured "by mailing to the company written notice stating when thereafter the cancelation shall become effective." The policy permits cancelation by

the company "by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective."

Touching the duty of insurer, upon cancelation to refund unearned premiums, the policy provides: "If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, *but payment or tender of unearned premium is not a condition of cancelation.*" (Emphasis supplied.)

The policy afforded protection for a period of one year, from February 27, 1961, unless canceled before that date. When the policy was issued, Sadler did not have sufficient funds to pay the premium in full. She paid $13.50 and contracted with the Insurance Premium Discount Company (IPD) to pay the balance. This balance, with IPD's financing charge, amounted to $27.00. It was payable in monthly installments of $4.50. Defendant received the premium for one year. Sadler appointed IPD her attorney in fact. She authorized it to cancel and "give notice of cancelation of said insurance policy, and said insurance company is hereby authorized and directed to cancel said policy and to pay Insurance Premium Discount Company the unearned or return premiums thereon without proof of default or of the amount owing to the Insurance Premium Discount Company. Said insurance company is hereby authorized to rely upon all statements made by Insurance Premium Discount Company as to the occurrence or continuance of default, the amount owing to it, and as to every other matter pertaining to this contract and said policies."

On June 8, 1961, IPD wrote defendant a letter, which it received on June 9, 1961. The letter stated that Sadler had failed to make the $4.50 monthly payment due it on May 25, 1961. The letter stated: "[W]e request immediate cancellation of the above policy and ask that you forward your check to us for the unearned premium. Enclosed is a copy of the Power of Attorney duly executed by the Insured." Defendant canceled the policy "effective on the 30th day of June 1961, at 12:01 a.m." Notice of this cancelation was given to the Commissioner of Motor Vehicles on July 13, 1961. He mailed notice of cancelation to Sadler. She received the notice on July 14. Additionally, there was evidence that defendant, on June 12, mailed notice to Sadler of the cancelation of her policy "to become effective on the 30th day of June 1961 at 12:01 a.m." On July 18, 1961, defendant paid to IPD $16.69, the unearned portion of the annual premium, as computed by it.

Plaintiff, over defendant's objection, was permitted to offer evidence showing: IPD had not notified Sadler of her failure to make the monthly payments owing it; nor had it notified her that, acting as her agent, it would direct cancelation; the amount refunded to IPD was computed on a pro rata basis and not on a short rate basis; the amount refunded IPD not only paid Sadler's debt to IPD but left a balance of $1.44; this sum was sufficient to have kept the policy in force until July 16 or 17, 1961. Plaintiff argues that it was the duty of the insurance· company, notwithstanding the direction of Sadler's duly authorized agent to cancel, to use the balance which would come to her to continue the policy in effect until the balance had been exhausted.

The contention ignores the provisions of the policy issued Sadler by defendant. It expressly provided ·for cancelation by either the insured or the insurer. There was no limitation on insured's right to cancel. She had the election to cancel at any time she desired. True, the operation of a motor vehicle without "financial responsibility" subjects the owner to penalties, G.S. 20-311, 313, but no statute requires one to own or operate an automobile. If an owner of an automobile expects to operate it, he may provide "financial responsibility" by liability insurance, G.S. 20-309(b). When financial responsibility is terminated by the cancelation of the liability insurance policy, the certificate of registration and registration plates should ·be surrendered to the Department of Motor Vehicles.

The policy authorized defendant, the insurer, to cancel, but its right to cancel was restricted by statute. It did not have unlimited authority. The right of an insurer to cancel policies issued under the assigned risk plan was restricted by G.S. 20-279.34. The right to cancel policies issued pursuant to the Act of 1957 was limited, as provided in c. 1393, S.L. 1957, codified as Art. 13, c. 20 of the General Statutes.

An insured may personally cancel his automobile liability insurance policy, or he may authorize another to act for him in canceling. *Daniels v. Insurance Co.*, 258 N.C. 660, 129 S.E. 2d 314. When cancelation is made by the insured, the insurer has no· obligation to notify the insured that it has acted as directed. *Daniels v. Insurance Co., supra; Underwood v. Liability Co.*, 258 N.C. 211, 128 S.E. 2d 577.

Defendant had no right to ignore the direction given it by Sadler, acting through her duly authorized agent. By the express provisions of the policy, the validity of the cancelation was not dependent upon· the return of the unearned portion of the premium. Defendant was not, when directed to cancel, under any obligation to ascertain ·what sum Sadler owed IPD.

Whether the defendant correctly or incorrectly computed the amount of the unearned premium was foreign to the question at issue. The ad-

mission of evidence relating to the refund was prejudicial error, which necessitates a

New trial.