CLARA S. INGRAM, ADMINISTRATRIX OF THE ESTATE OF CHRISTOPHER KING INGRAM v. NATIONWIDE MUTUAL INSURANCE COMPANY, ORIGINAL DEFENDANT, AND PREMIUM PAYMENT COMPANY, ADDITIONAL DEFENDANT

No. 6918SC171

(Filed 2 July 1969)

1. **Insurance § 94— assigned risk insurance — cancellation — notice to insured**

    Where cancellation of assigned risk policy of automobile liability insurance was made at the request of insured's attorney-in-fact, the insurer was not required to give insured notice of the cancellation.

2. **Insurance § 94— proof of cancellation — burden of insurer**

    The burden is on the insurance company to prove cancellation of an assigned risk automobile insurance policy by the insured or his agent.

3. **Insurance § 94— improper cancellation — insurer's cross-action for indemnification**

    Assigned risk automobile liability insurer states a cause of action for indemnification against premium finance company arising out of alleged improper cancellation of insured's policy for nonpayment of premium, where the insurer alleges the receipt of a request for cancellation from the finance company, together with a copy of the power of attorney executed by the insured to the finance company and certification that insured and his insurance agent had been given ten days' written notice of the request of cancellation pursuant to G.S. 58-60.

4. **Rules of Civil Procedure § 1— effective date**

    The Rules of Civil Procedure become effective on 1 January 1970 and will apply to pending litigation.

5. **Insurance §§ 94, 106— improper cancellation — insurer's cross-action against finance company**

    In administratrix' action against automobile liability insurer to recover upon judgment obtained against a motorist allegedly insured by defendant, the insurer, who was compelled by G.S. 58-60(3) to cancel insured's assigned risk policy upon receipt of request for cancellation from premium finance company acting under a power of attorney executed by insured, *is held* entitled to join the finance company as an additional party defendant in a cross-action for indemnification arising out of the improper cancellation of the policy.

APPEAL by original defendant from *Gambill, J.*, at the 13 January 1969 Session of GUILFORD Superior Court, High Point Division.

The allegations of plaintiff's complaint are summarized as follows: Defendant Nationwide Mutual Insurance Company (Nationwide) issued a policy of insurance on or prior to 26 August 1966 by which Nationwide obligated itself to pay on behalf of Napoleon Wall (Wall), the insured, all sums which the insured should become

legally obligated to pay as damages because of bodily injury, sickness or disease, including death, arising out of an accident in the operation of an automobile by the insured. The policy was incorporated by reference and provided coverage in the principal amount of $5,000. On 4 November 1966, plaintiff's intestate was killed by the negligence of Wall, operating a 1959 Pontiac belonging to Ellios Franking Tyson, with Tyson's permission. On 4 May 1967, plaintiff brought suit against Wall for the wrongful death of her intestate. On 21 August 1967, plaintiff obtained judgment against Wall in the amount of $50,000 with interest and costs. No other insurance is in existence and the judgment remains unsatisfied.

Nationwide answered denying all material allegations of the complaint and alleging the following: Nationwide issued a policy of insurance to Wall on or about 20 August 1966, providing coverage for bodily injury liability incurred by reason of the operation by Wall of a vehicle owned by another, and further providing that "this policy may be cancelled by the named Insured by mailing to the Company written notice stating when thereafter the cancellation shall be effective." On 20 October 1966, Wall, acting through his attorney-in-fact, delivered a written notice to Nationwide instructing Nationwide to cancel the policy as of noon 25 October 1966. The policy was cancelled and notice of the cancellation was mailed to and received by the Department of Motor Vehicles.

Nationwide further alleged that Wall neglected to give it any notice whatever of the accident, thus violating the requirements of the policy; that Wall also failed to forward suit papers to Nationwide in violation of the terms of the policy. Both these failures were pleaded in bar of plaintiff's claim.

On 5 August 1968, Nationwide, pursuant to permission from the court, filed an amendment to its answer alleging that simultaneously with the purchase of the policy Wall borrowed the amount of the premium from Premium Payment Company (Payment Co.) and executed a power of attorney authorizing Payment Co. to cancel the policy on his behalf; that on 6 October 1966, Payment Co. mailed notice to Wall that it would exercise the power of attorney to cancel the policy if unpaid installments totaling $14.00 were not paid to Payment Co. in ten days; and no payment being made, Payment Co., as attorney-in-fact for Wall, delivered written notice to Nationwide to cancel on 25 October 1966.

On 19 August 1968, Nationwide filed a motion to join Payment Co. as an additional party defendant for purpose of a cross-action for indemnification. The motion was allowed and Nationwide filed

its cross-action against Payment Co. on 4 September 1968. Payment Co. demurred 11 October 1968. The demurrer was sustained 6 November 1968 with thirty days allowed Nationwide to amend its cross-action.

The amended cross-action was filed 21 November 1968 and alleged, in substance, the following: Payment Co. was an insurance premium finance company within the meaning of Chapter 58 of the North Carolina General Statutes. On 12 August 1966, Wall applied to J. M. Nurney, d/b/a Statewide Insurance Agency, for insurance under the North Carolina Assigned Risk Plan. This policy was assigned to Nationwide and became effective 20 August 1966. Simultaneously with the execution of the application for insurance, Wall executed an insurance premium finance agreement as defined in G.S. 58-55(2), and also executed a power of attorney constituting Payment Co. his attorney-in-fact to authorize cancellation of the policy later issued by Nationwide. On or about 21 October 1966, Nationwide received from Payment Co., as attorney-in-fact for Wall, a request for cancellation effective 25 October 1966. Included with the cancellation request was a copy of the power of attorney executed by Wall on 12 August 1966 and certification that Wall and J. M. Nurney had been given ten days' notice as required by G.S. 58-60. Nationwide adjusted its records to show cancellation by the insured as of noon 25 October 1966, notified the Department of Motor Vehicles, and refunded the unearned premium to Payment Co. Nationwide received its first notice of the accident of 4 November 1966 on 7 February 1967. Acting on the representations of Payment Co., Nationwide refused to investigate the claim or defend the suit and default judgment was taken against Wall.

Nationwide alleged that if the policy was not properly cancelled, the improper cancellation was the result of the failure of Payment Co. to properly notify Wall of the cancellation, as required by G.S. 58-60. Nationwide further pleaded that it did not investigate or defend the claim and suit against Wall because of reliance upon the representations of Payment Co. Therefore, Nationwide prayed for indemnification from Payment Co. Payment Co. demurred 17 December 1968 on grounds of misjoinder of parties and causes and pleaded res judicata based on the previous sustained demurrer. The demurrer was allowed 6 January 1969 and Nationwide appealed.

*Robert R. Gardner and Haworth, Riggs, Kuhn & Haworth by John Haworth for original defendant appellant.*

*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin for additional defendant appellee.*

BRITT, J.

The first issue is whether Nationwide has stated a cause of action against Payment Co. We answer in the affirmative.

[1] Unless required by Article 4 of Chapter 58 of the General Statutes, Nationwide was not required to give Wall notice of the cancellation, since, on this record, the cancellation was made at the request of Wall's attorney-in-fact. *Daniels v. Insurance Co.*, 258 N.C. 660, 129 S.E. 2d 314.

[2] The case of *Grant v. Insurance Co.*, 1 N.C. App. 76, 159 S.E. 2d 368, although an action between the judgment creditor of the insured and insurance company only and which dealt with a request for cancellation somewhat different from that alleged in this case, placed the burden of proving cancellation by the insured or his agent on the insurance company.

[3] Here, Nationwide has alleged receipt of a request for cancellation from Payment Co., to which was attached a copy of the notarized power of attorney executed by Wall and certification that Wall and J. M. Nurney had been given the notice required by G.S. 58-60. Assuming such a request was received, we think Nationwide stated a cause of action against Payment Co., since upon receipt of the request Nationwide lacked further discretion in the matter under the mandate of G.S. 58-60(3) as follows:

"(3) Upon receipt of a copy of *such* request for cancellation notice by the insurer or insurers, the insurance contract *shall* be cancelled with the same force and effect as if the aforesaid request for cancellation had been submitted by the insured himself, without requiring the return of the insurance contract or contracts." (Emphasis added.)

Moreover, the *Grant* case expressly states that "[i]f the premium finance company misleads the insurance company wrongfully by requesting cancellation of the policy, the insurance company can seek redress from the premium finance company."

The second issue is whether this cause of action against Payment Co. may be asserted in the action of Clara S. Ingram against Nationwide.

[4] It may be noted that this cross-action would seem clearly correct under our new Rules of Civil Procedure, § 1A-1, Rule 13(h) and Rule 14. These rules, originally slated to become effective 1 July 1969, will, by recent legislative enactment, become effective on 1 January 1970 and will apply to pending litigation. Session Laws,

1967, c. 954, s. 10. However, the new rules were not in effect when the superior court made its ruling and will not control this decision.

The problem facing the trial judge in making this determination under our present rules is fully appreciated. See the excellent treatment of the problems in 1 McIntosh, N.C. Practice 2d, 1969 Supplement, §§ 722, 722.5. Clearly, the superior court *could* have allowed the cross-claim to be prosecuted in the same action in order to handle the entire matter in one action and avoid a second suit. 1 McIntosh, N.C. Practice 2d, § 721, and citations therein.

The relationship between Nationwide and Payment Co. was not contractual, as all action by Payment Co. was as agent of the insured under G.S. 58-60 and not in its own right; therefore, the case does not fall within the rulings of *Clark v. Freight Carriers,* 247 N.C. 705, 102 S.E. 2d 252, or *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659.

[5]     G.S. 58-60 provides that the insurance contract "shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions: * * *." Liberally construed, Nationwide appears to be alleging that if the provisions relating to notice to the insured by Payment Co. were not followed and if the insurance contract is found to be still in effect because of this non-compliance, then Nationwide is entitled to be indemnified for losses incurred by it resulting from the failures of Payment Co., as Nationwide was compelled to cancel by G.S. 58-60(3).

On this basis, the case falls within the category of cross-claim for indemnification and thus the cross-claim is asserted as a matter of right. I McIntosh, N.C. Practice 2d, § 721. We conclude that the cross-claim should have been allowed.

The order of the superior court sustaining the demurrer to the amended cross-action and dismissing same is

Reversed.

MALLARD, C.J., and PARKER, J., concur.