UNISUN INSURANCE COMPANY, Plaintiff v. MAVIOUS GOODMAN, DELENA DAVIS, WILLFRED McCULLOUGH, LEVI TONEY, ASA FINANCE COMPANY, INC., AND CARWELL CRAWFORD, D/B/A DO-IT-ALL CLEANING & PAINTING, Defendants

No. 9426SC141

(Filed 20 December 1994)

**Insurance § 621 (NCI4th)— automobile insurance—premium financing—date of cancellation**

An automobile insurance policy was cancelled on the date the insurer received notice of the cancellation mailed by the premium finance company, not on the date stated in the notice as the effective date of cancellation, where the record fails to show the date on which the premium finance company actually mailed the cancellation notice. N.C.G.S. § 58-35-85.

**Am Jur 2d, Insurance §§ 380 et seq.**

Appeal by plaintiff from order entered 9 December 1993 by Judge Zoro J. Guice in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 October 1994.

*Wishart, Norris, Henniger & Pittman, P.A., by Kenneth R. Raynor for plaintiff-appellant.*

*Paul J. Williams for defendants-appellees, Mavious Goodman and Delena Davis.*

*Baucom, Claytor, Benton, Morgan, Wood & White by James F. Wood, III, for defendant-appellee Carwell Crawford, d/b/a DO-IT-ALL Cleaning & Painting.*

WYNN, Judge.

On 31 March 1991, a taxi cab driven by defendant-appellee Willfred McCullough and owned by defendant-appellee Levi Toney, collided with an automobile driven by defendant-appellee Carwell Crawford and owned by Carwell Crawford d/b/a Do-It-All Cleaning and Painting. Defendants-appellees Mavious Goodman and Delena Davis were passengers in the taxi.

Prior to the accident, plaintiff-appellant Unisun Insurance Company ("Unisun") issued Toney's taxi cab company an insurance policy. Toney financed the policy premium through ASA Finance Company, Inc. ("ASA"), a premium financing company, in accordance with

N.C. Gen. Stat. § 58-35, *et seq.* (1987). The financing arrangement required Toney to make a down payment on the policy premium and monthly payments. The arrangement further provided that in the event of default on the payments, ASA could request that Unisun cancel the policy pursuant to a Power of Attorney given by Toney, which ASA forwarded to Unisun.

Toney defaulted on the first payment due 1 March 1991. On 7 March 1991, ASA mailed a "Ten Day Notice" to Toney, notifying him that his continued failure to pay would result in ASA requesting that Unisun cancel the policy. Following Toney's failure to pay within the ten-day period, ASA mailed a "Notice of Cancellation" to Unisun dated 18 March 1991, requesting that Unisun cancel the policy—effective 25 March 1991. The record indicates that Unisun received the notice on 15 April 1991 and thereafter issued and mailed a "Notice of Cancellation of Commercial Non-Fleet Ceded Policy" to Toney on or about 15 April 1991. (While the notice from ASA was dated 18 March 1991, no evidence was presented as to the date on which the notice was actually mailed.).

On 18 July 1991, Goodman and Davis filed a complaint in Mecklenburg County Superior Court alleging that the 31 March 1991 collision was caused by McCullough's negligence which should be imputed to Toney, and, seeking to recover for personal injuries allegedly sustained as a result of the collision. In response, McCullough and Toney filed a third-party complaint bringing Crawford into the action. Crawford counterclaimed against McCullough and Toney alleging that he too sustained personal injuries in the collision. Unisun entered this matter by filing a declaratory judgment action seeking to have the court declare that it did not provide insurance to Toney at the time of the accident. The parties filed cross-motions for summary judgment which the trial court favorably granted for Crawford, Goodman, Davis and ASA, but denied for Unisun. Thereafter, Unisun filed Notice of Appeal against Crawford, Davis and Goodman, but not against ASA.

---

Unisun contends that the trial court erred by denying its motion for summary judgment and by granting defendants, Goodman, Davis and Crawford's motion for summary judgment because Unisun had effectively cancelled Toney's insurance policy when the accident occurred. We disagree.

The procedure for cancellation of an insurance policy where the premium is financed by a premium financing company, and, where

the insured defaults on the finance agreement, is governed by N.C. Gen. Stat. § 58-35-85(1). This statute provides, in part, that:

> When an insurance premium finance agreement contains a power of attorney or other authority enabling the insurance premium finance company to cancel any insurance contract or contract listed in the agreement, the insurance contract or contracts shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions:
>
> (1) Not less than 10 days' written notice be mailed to the last known address of the insured or insureds shown on the insurance premium finance agreement of the intent of the insurance premium finance company to cancel his or their insurance contract or contracts unless the defaulted installment payment is received. A notice thereof shall also be mailed to the insurance agent.
>
> (2) After expiration of such period, the insurance premium finance company shall mail the insurer a request for cancellation including a copy of the power of attorney, and shall mail a copy of the request for cancellation to the insured at his last known address as shown on the insurance premium finance agreement.
>
> (3) Upon *receipt* of a copy of such request for cancellation notice by the insurer, the insurance contract shall be cancelled with the same force and effect as if the aforesaid request for cancellation had been submitted by the insured himself, without requiring the return of the insurance contract or contracts.
>
> (4) All statutory, regulatory, and contractual restrictions providing that the insured may not cancel his insurance contract unless he first satisfies such restrictions by giving a prescribed notice to a governmental agency, the insurance carrier, an individual, or a person designated to receive such notice for said governmental agency, insurance carrier, or individual shall apply where cancellation is effected under the provisions of this section.

(Emphasis added).

The pertinent issue in the subject case is whether Toney's insurance policy was cancelled on 25 March 1991, the date stated on the notice received by Unisun, or on 15 April 1991, the date that the record indicates Unisun received the notice.

Subsection (3) of N.C. Gen. Stat. § 58-35-85 provides that "Upon *receipt* of a copy of a . . . request for cancellation . . . the insurance

contract shall be cancelled with the same force and effect as if the aforesaid request for cancellation had been submitted by the insured himself." Thus, cancellation requested by a finance company occurs in the same manner as if the insured requested the cancellation.

The terms of the insurance contract govern when an insurance policy is cancelled by the insured. *See Daniels v. Nationwide Mut. Ins. Co.*, 258 N.C. 660, 129 S.E.2d 314 (1963). Most insurance policies are cancelled the day that the insured mails the cancellation notice. *See Hayes v. Hartford Acc. & Indemnity Co.*, 274 N.C. 73, 161 S.E.2d 552 (1968). In the case *sub judice*, however, the insurance policy in question is not included in the record and the parties make no mention of language within the policy that would apply to this issue. Even so, it is significant that the record does not indicate the date on which ASA actually mailed the cancellation notice. The only evidence contained in the record states that Unisun received the cancellation notice on 15 April 1991. We, therefore, are guided only by the language of N.C. Gen. Stat § 58-35-85, which states that "upon receipt of a copy of a . . . request for cancellation . . . the insurance contract shall be cancelled . . . ." Thus, we are limited to find that the insurance policy in the subject case was cancelled the day Unisun received the cancellation request from ASA—15 April 1991. Accordingly, the trial court's decision is,

AFFIRMED.

Judges GREENE and JOHN concur.