## CAHOON v. CANAL INS. CO.

[140 N.C. App. 577 (2000)]

CARLTON JOEDY CAHOON, Plaintiff v. CANAL INSURANCE COMPANY, CHRISTY YVONNE ANGE, and HENRY REYNOLDS SNELL, JR., Defendants v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Intervenor and CANAL INSURANCE COMPANY, Third Party Plaintiff v. AGENCY SERVICES, INC. and AGENCY PREMIUM SERVICES, INC., Third Party Defendants

No. COA99-1412

(Filed 21 November 2000)

**Insurance— automobile liability—cancellation by premium finance company**

Plaintiff's automobile liability policy was effectively canceled by defendant premium finance company for nonpayment of premiums in compliance with N.C.G.S. § 58-35-85 and regulatory requirements. Plaintiff was given an 18-day period in which to make his past-due premium payment; furthermore, assuming that the notice of cancellation should not have been mailed until after the end of the 18-day period (30 December) as plaintiff contends, there was no prejudice because the Notice of Intent to Cancel and the Notice of Cancellation state the effective date as 30 December, and the policy was not canceled until the North Carolina agent for the insurance company received the notice on 2 January. Moreover, it appears from the record that a copy of the Notice of Intent to Cancel was forwarded to plaintiff's insurance agent, as required by regulations.

Appeal by defendant and third-party plaintiff Canal Insurance Company, and third-party defendants Agency Services, Inc., and Agency Premium Services, Inc., from judgment entered 9 July 1999 by Judge Richard B. Allsbrook in Martin County Superior Court. Heard in the Court of Appeals 21 September 2000.

At all times relevant hereto, Carlton Joedy Cahoon (plaintiff) owned a 1987 Kenworth tractor-trailer. On 4 September 1996, plaintiff obtained automobile liability insurance coverage (the policy) in the amount of $1,000,000.00 for the Kenworth vehicle through Piedmont Transportation Underwriters, Inc. (Piedmont), the licensed North Carolina agent for defendant Canal Insurance Company (Canal). Piedmont arranged financing for plaintiff's insurance premiums through defendant Agency Services, Inc. and Agency Premium Services, Inc. For the sake of clarity, we refer to both of these entities herein as "Agency." Plaintiff executed a power of attorney to Agency,

authorizing Agency to request Canal to cancel plaintiff's policy if plaintiff failed to pay the premiums when due.

On 5 December 1996, plaintiff failed to make a scheduled premium payment. Agency mailed a "Notice of Intent to Cancel" the policy to plaintiff on 12 December 1996. The Notice of Intent to Cancel stated that the effective cancellation date would be 30 December 1996 unless plaintiff paid the past-due premiums. On 26 December 1996, Agency mailed a "Notice of Cancellation" to plaintiff Cahoon, which Notice stated that 30 December 1996 was the effective date of cancellation. On 30 December 1996, Agency mailed a copy of the Notice of Cancellation to Piedmont; the Notice was received by Piedmont on 2 January 1997.

On 8 January 1997, the Kenworth tractor-trailer owned by plaintiff and driven by Henry Snell, his employee, was involved in an accident. Snell was operating the Kenworth vehicle in the course and scope of his employment with plaintiff when he collided with a 1985 Pontiac driven by Christy Ange. Ms. Ange sustained injuries in the accident and asserted a personal injury claim against both plaintiff Cahoon and Snell. Five days after the accident, on 13 January 1997, Cahoon unsuccessfully attempted to pay the full amount of the past-due premium. Canal denied coverage and plaintiff filed this request for a declaratory judgment, seeking a declaration that the Canal automobile policy provided him coverage. Canal also moved for summary judgment. The trial court found that the purported cancellation of the Canal policy was ineffective, and granted summary judgment for plaintiff. Canal and Agency appealed.

*Barber & Associates, P.A., by Timothy C. Barber and Eric J. Howland, for Agency Services, Inc. and Agency Premium Services, Inc., third-party defendant appellants; and Walker, Clark, Allen, Herrin & Morano, by Mickey A. Herrin, for Canal Insurance Company defendant appellant.*

*Irvine Law Firm, PC, by David J. Irvine, Jr., for Carlton Joedy Cahoon, plaintiff appellee.*

*Rodman, Holscher, Francisco & Peck, P.A., by R. Brantley Peck, Jr., for Christy Yvonne Ange, defendant appellee.*

*The Wells Firm, PLLC, by J. Warner Wells, II, for Henry Reynolds Snell, Jr., defendant appellee.*

## CAHOON v. CANAL INS. CO.

[140 N.C. App. 577 (2000)]

HORTON, Judge.

Appellants contend that they complied with the provisions of N.C. Gen. Stat. § 58-35-85 in cancelling the policy issued to plaintiff Cahoon, and argue that the trial court erred in ruling otherwise. We agree, and grant summary judgment in favor of the appellants, Agency and Canal.

N.C. Gen. Stat. § 58-35-85 sets out the procedure for cancellation of an insurance policy by an insurance premium finance company:

> When an insurance premium finance agreement contains a power of attorney or other authority enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled unless the cancellation is effectuated in accordance with the following provisions:

(1) Not less than 10 days' written notice is sent by personal delivery, first-class mail, electronic mail, or facsimile transmission to the last known address of the insured or insureds shown on the insurance premium finance agreement of the intent of the insurance premium finance company to cancel his or their insurance contract or contracts unless the defaulted installment payment is received. Notification thereof shall also be provided to the insurance agent.

(2) After expiration of the 10-day period, the insurance premium finance company shall send the insurer a request for cancellation and shall send notice of the requested cancellation to the insured by personal delivery, first-class mail, electronic mail, electronic transmission, or facsimile transmission at his last known address as shown on the records of the insurance premium finance company and to the agent. Upon written request of the insurance company, the premium finance company shall furnish a copy of the power of attorney to the insurance company. The written request shall be sent by mail, personal delivery, electronic mail, or facsimile transmission.

(3) Upon receipt of a copy of the request for cancellation notice by the insurer, the insurance contract shall be cancelled with the same force and effect as if the request for cancellation had been submitted by the insured, without requiring the return of the insurance contract or contracts.

N.C. Gen. Stat. § 58-35-85 (1999). Thus, written notice of the intent to cancel a policy must be given to the insured at least ten days before cancellation of the policy, giving the insured an opportunity to pay the past-due premium and retain insurance coverage. Plaintiff does not contest receipt of the Notice of Intent to Cancel dated 12 December 1996. Nor does he contend that he tendered the past-due premium prior to 30 December 1996, the effective date of cancellation. He argues, however, that there were several defects in the purported cancellation of his policy.

Plaintiff contends, and we agree, that the burden of proving compliance with N.C. Gen. Stat. § 58-35-85 is on the insurance company. We have repeatedly held that "the burden is upon the insurance company to show that all statutory requirements have been complied with, including the ten days written notice by the premium finance company to the insured together with said notice to the insurance agent, prior to the premium financing company requesting cancellation of the policy." *Grant v. Insurance Co.*, 1 N.C. App. 76, 80, 159 S.E.2d 368, 371, *cert. denied*, 273 N.C. 657 (1968). "[T]he burden of proving cancellation by the insured or his agent [is] on the insurance company." *Ingram v. Insurance Co.*, 5 N.C. App. 255, 258, 168 S.E.2d 224, 227, *cert. denied*, 275 N.C. 595 (1969). "In order to cancel a policy the carrier must comply with the procedural requirements of the statute or the attempt at cancellation fails and the policy will continue in effect despite the insured's failure to pay in full the required premium." *Pearson v. Nationwide Mutual Ins. Co.*, 325 N.C. 246, 254, 382 S.E.2d 745, 748 (1989). The policy is considered cancelled as of the date the insurance company receives the request for cancellation. *Unisun Ins. Co. v. Goodman*, 117 N.C. App. 454, 457, 451 S.E.2d 4, 6 (1994), *disc. review denied*, 339 N.C. 742, 454 S.E.2d 662 (1995); N.C. Gen. Stat. § 58-35-85(3).

Plaintiff first argues that the defendants violated the express terms of the policy in their cancellation effort. Plaintiff's insurance policy stated, however, that "[t]his policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective." Agency Services, Inc. (Agency), the premium finance company, used a Finance Agreement throughout its dealings with plaintiff. The Finance Agreement appointed Agency as plaintiff's "attorney in fact" and allowed Agency "in the event of nonpayment of the installments . . . to authorize and give notice of the cancellation of the insurance pol-

icy[] . . . ." Furthermore, "[i]n the event the insured defaults under these conditions, and after notice is given under applicable state law [Agency] may request cancellation of any policy . . . ." If a default occurred, Agency was to send written notice of default to plaintiff Cahoon; if the default was not rectified, Agency was to then send written Notice of Cancellation to Canal and give plaintiff a copy of that Notice. We hold that Agency complied with the cancellation provisions of the Finance Agreement, which provisions track the language of N.C. Gen. Stat. § 58-35-85.

On 12 December 1996, following plaintiff's failure to pay his December premium, Agency sent him a Notice of Intent to Cancel his policy effective 30 December 1996. On 26 December 1996, Agency mailed plaintiff a Notice of Cancellation, again advising him that his policy would be cancelled effective 30 December 1996. Finally, on 30 December 1996, Agency mailed to Canal and its agent, Piedmont, a Request for Cancellation of plaintiff's policy.

In summary, N.C. Gen. Stat. § 58-35-85 requires that an insured be given at least ten days in which to make any past-due premium payments and retain insurance coverage. Here, the uncontradicted evidence is that plaintiff Cahoon was given *more* than 10 days' notice before his policy was cancelled. Thus, the statutory notice requirement was satisfied and this assignment of error is overruled.

Next, plaintiff argues that Agency failed to comply with several other mandatory requirements of N.C. Gen. Stat. § 58-35-85. Specifically, plaintiff contends that Agency did not ensure that Canal received a copy of the power of attorney executed by him, either prior to or together with the "Request for Cancellation." Plaintiff ignores the explicit language of N.C. Gen. Stat. § 58-35-85(2), however, which provides that "*[u]pon written request of the insurance company*, the premium finance company shall furnish a copy of the power of attorney to the insurance company." (Emphasis added.) Nothing in this record indicates that either Canal or its agent Piedmont made a request, written or otherwise, for a copy of the power of attorney.

Plaintiff also argues that Agency prematurely sent the Notice of Cancellation to Piedmont. The original Notice of Intent to Cancel was dated 12 December 1996 and informed plaintiff that his policy would be cancelled effective 30 December 1996 for non-payment of premium. The Notice of Cancellation was dated 26 December 1996 and requested that the insurance policy issued to plaintiff be cancelled

effective 30 December 1996. Plaintiff argues that the Notice of Cancellation should have been mailed *after* 30 December 1996, the period of time within which he could make payment of his past-due premium. Plaintiff's argument centers around the language of N.C. Gen. Stat. § 58-35-85(2), which provides that "*[a]fter expiration of the 10-day period,* the insurance premium finance company shall send the insurer a request for cancellation . . . ." (Emphasis added.) After careful consideration, we disagree with plaintiff's contention.

The requirement that an insured have a full ten days' notice has been examined and upheld in several of our decisions. See *Paris v. Woolard,* 128 N.C. App. 416, 497 S.E.2d 283, *disc. review denied,* 348 N.C. 283, 502 S.E.2d 843 (1998) (seven days' notice held insufficient); *Graves v. ABC Roofing Co.,* 55 N.C. App. 252, 284 S.E.2d 718 (1981) (five days' notice held insufficient); *Grant,* 1 N.C. App. at 80, 159 S.E.2d at 371 (premium finance company's request "that subject policy be cancelled *effective as soon after this date as statutory requirements permit*" deemed an ineffective cancellation because of vagueness and because less than ten days elapsed between Notice of Cancellation and Request for Cancellation).

Here, Agency gave plaintiff an 18-day period—from 12 December 1996 to 30 December 1996—within which to make his past-due premium payment. Plaintiff argues that Agency should not have mailed the Notice of Cancellation sooner than 31 December 1996, *after* the end of that 18-day period. Assuming for the sake of argument that the Notice of Cancellation was prematurely mailed to plaintiff, we fail to discern any prejudice to him. Both the Notice of Intent to Cancel and the Notice of Cancellation state the effective date of cancellation as 30 December 1996. Further, the Notice of Cancellation was mailed by Agency to Piedmont, as agent for Canal, on 30 December 1996 and received by Piedmont on 2 January 1997. The applicable statute provides for cancellation of the insurance contract "[u]pon receipt of a copy of the request for cancellation notice by the insurer . . . ." N.C. Gen. Stat. § 58-35-85(3). Thus, the policy in question was not cancelled until Piedmont, as agent for Canal, received the Notice of Cancellation on 2 January 1997. *See Unisun,* 117 N.C. App. at 457, 451 S.E.2d at 6 (stating that an insurance policy is deemed cancelled as of the date the insurance company receives the Request for Cancellation).

Finally, plaintiff argues that the purported cancellation of his policy violates regulations promulgated pursuant to N.C. Gen. Stat.

§ 58-35-85. North Carolina Administrative Code title 11, r. 13.0317 requires "ten-day written notice of intent to cancel as described in G.S. § 58-35-85(1)," and requires that a copy of the Notice of Intent to Cancel must be "sent to the insurance agent shown on the premium finance agreement at the same time notice is given to the insured." N.C. Admin. Code tit. 11, r. 13.0317 (June 1998). It appears from the record that a copy of the Notice of Intent to Cancel was forwarded to plaintiff's insurance agent. An affidavit prepared by Barbara Thomas, the Customer Service Manager at Agency Premium Services, Inc., states in pertinent part:

> 6. That based on her review of her file, a Notice of Intent to Cancel was mailed on December 12, 1996 to Carlton Joedy Cahoon to the last known address of Carlton Joedy Cahoon shown on the Premium Finance Agreement; *further, that a Notice of the intent to cancel was also mailed to SIA Tideland, the insurance agent.*

(Emphasis added.)

It appears from Ms. Thomas's affidavit that the Notice of Intent to Cancel was mailed to SIA Tideland, the insurance agent, and plaintiff Cahoon, as required by the regulations. Ms. Thomas's affidavit is neither impeached nor contradicted by evidence for plaintiff. This assignment of error is also overruled.

While we agree with the trial court that there are no genuine issues of material fact with regard to the circumstances surrounding the cancellation of plaintiff's policy, we hold that Agency complied with the statutory and regulatory scheme for the cancellation of plaintiff's insurance policy and that the trial court erred in entering summary judgment for plaintiff. Instead, summary judgment should be entered for defendant appellants Canal and Agency.

Therefore, the trial court's grant of summary judgment in favor of plaintiff is hereby reversed and the case is remanded to the trial court with directions that summary judgment be entered in favor of Canal Insurance Company, Agency Services, Inc., and Agency Premium Services, Inc.

Reversed and remanded with directions.

Judges WALKER and McGEE concur.