UNIVERSAL INSURANCE COMPANY, PLAINTIFF v. JOHN EDWARD PATTERSON AND TWANA DENISE PATTERSON, DEFENDANTS, DIANCA PAULING AND MOTHER, PERNELL BODDIE, INTERVENOR-DEFENDANTS

No. COA10-896

(Filed 1 March 2011)

**Insurance— auto—cancellation—effective date—receipt by insurance company**

Defendants' insurance contract was in full force on 25 March 2008, the day of a car accident, where the request for cancellation by the company that financed the premiums stated an effective date of 24 March 2008 but the cancellation was not received by the insurance company until 28 March. Under N.C.G.S. § 58-35-85(3), an insurance policy is cancelled on the date the insurer receives the request for cancellation.

Appeal by plaintiff from order entered 19 April 2010 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 January 2011.

*Burton & Sue, LLP, by Gary K. Sue and Stephanie W. Anderson, for plaintiff.*

*The Odom Firm, PLLC, by David W. Murray, for intervenor-defendants.*

THIGPEN, Judge.

Defendants John Edward Patterson and Twana Denise Patterson were insured under an automobile insurance policy issued by Plaintiff Universal Insurance Company ("Universal") and financed by Budget Premium Service Co., Inc. ("Budget"). When the Pattersons failed to pay their scheduled premium payment to Budget, Budget notified John Patterson and Universal that the policy would be cancelled on 24 March 2008 for nonpayment. On 25 March 2008, Twana Patterson was involved in an automobile accident. On 28 March 2008, Universal received Budget's request for cancellation and cancelled the Pattersons' policy effective 24 March 2008, the date requested by Budget. We must decide whether the trial court erred when it granted summary judgment for the Intervenor-Defendants finding the insurance policy was in effect on the date of the accident.

North Carolina General Statutes section 58-35-85(3) (2009) provides that "[u]pon receipt of a copy of the request for cancellation notice by the insurer, the insurance contract shall be cancelled[.]" Because Universal did not receive the request for cancellation until 28 March 2008, we affirm.

Universal insured the Pattersons pursuant to Personal Auto Policy # NCA3518425 with effective dates of 12/15/07 to 6/15/08. The Pattersons financed their policy through Budget pursuant to a premium finance agreement with a power of attorney. The Pattersons' auto policy contained the following relevant language regarding cancellation:

TERMINATION—CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS:

. . .

4. We will cancel the Liability, Medical Payments . . . only for the following reasons:

. . .

d. The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S.58-35-5.

On 7 March 2008, because the Pattersons failed to pay their scheduled premium payment to Budget, Budget mailed a Ten Day Notice of Intent to Cancel ("Notice") to John Patterson and Universal. The Notice stated in relevant part: "Your insurance policy/policies will be cancelled effective 3/24/2008 at 12:01 A.M. unless this payment is received in our office no later than 03/21/2008."

After the Pattersons still had not made their premium payment, on 24·March 2008, Budget sent a Request of Cancellation to John Patterson and Universal. The Request of Cancellation requested the policy be canceled as of 24 March 2008. Universal received the Request of Cancellation on 28 March 2008, and it was stamped by Helen Lucas, a mail clerk at Universal, as received on "Mar 28 2008[.]" In response to Budget's Request of Cancellation, Universal cancelled the Pattersons' Auto Policy effective 24 March 2008 at 12:01 A.M., and sent a Notice of Cancellation dated 28 March 2008 to John Patterson.

On 25 March 2008, at approximately 7:40 p.m., Twana Patterson was driving a 2003 Ford Escape and was involved in a motor vehicle accident. Intervenor-Defendant Diana Pauling was a passenger in another vehicle who was also involved in the accident.

On 28 March 2008, John Patterson went to his insurance agent's office, paid the outstanding premium payments owed to Budget, and signed a Statement of No Losses. Universal thereafter reinstated the Pattersons' Auto Policy.

On 29 September 2009, Universal filed a complaint for declaratory judgment against the Pattersons, asking the court to find that Universal was not obligated to provide the Pattersons with liability coverage arising from the 25 March 2008 accident. On 16 October 2009, the Intervenor-Defendants, Ms. Pauling and her mother, Pernell Boddie, filed a motion to intervene, which was granted on 9 November 2009. On 17 February 2010, Ms. Pauling and Ms. Boddie filed a motion for summary judgment, asking the court to find that Universal provided liability insurance coverage to the Pattersons arising from the 25 March 2008 accident.

After a hearing before Judge Bridges on 19 April 2010, the court filed an order granting summary judgment for Ms. Pauling and Ms. Boddie. The court held that "[t]he liability insurance policy from

Universal covering Defendant John Patterson and the vehicle being operated by his wife, Defendant Twana Patterson, was in full force and effect on the date of the wreck, March 25, 2008, to and until March 28, 2008, as a matter of law."

Universal now appeals from the 19 April 2010 order, arguing the trial court erred by granting Ms. Pauling and Ms. Boddie's motion for summary judgment. We disagree.

Our standard of review for a trial court's order allowing summary judgment is *de novo. Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact' and 'any party is entitled to a judgment as a matter of law.' " *Id.* (quoting N.C.G.S. § 1A-1, Rule 56(c) (2005)).

North Carolina General Statutes section 58-35-85 governs the procedure for cancellation of an insurance policy by an insurance premium finance company:

When an insurance premium finance agreement contains a power of attorney or other authority enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled unless the cancellation is effectuated in accordance with the following provisions:

(1) Not less than 10 days' written notice is sent by personal delivery, first-class mail, electronic mail, or facsimile transmission to the last known address of the insured or insureds shown on the insurance premium finance agreement of the intent of the insurance premium finance company to cancel his or their insurance contract or contracts unless the defaulted installment payment is received. Notification thereof shall also be provided to the insurance agent.

(2) After expiration of the 10-day period, the insurance premium finance company shall send the insurer a request for cancellation and shall send notice of the requested cancellation to the insured by personal delivery, first-class mail, electronic mail, electronic transmission, or facsimile transmission at his last known address as shown on the records of the insurance premium finance company and to the agent. Upon written request of the insurance company, the premium finance company shall furnish a copy of the power of attorney to the insurance company. The written

request shall be sent by mail, personal delivery, electronic mail, or facsimile transmission.

(3) *Upon receipt of a copy of the request for cancellation notice by the insurer, the insurance contract shall be cancelled* with the same force and effect as if the request for cancellation had been submitted by the insured, without requiring the return of the insurance contract or contracts.

(Emphasis added). "[T]he burden of proving compliance with N.C. Gen. Stat. § 58-35-85 is on the insurance company." *Cahoon v. Canal Ins. Co.*, 140 N.C. App. 577, 580, 537 S.E.2d 538, 540 (2000). Furthermore, "[t]he burden of proving cancellation by the insured or his agent is on the insurance company." *Id.* (citing *Ingram v. Insurance Co.*, 5 N.C. App. 255, 258, 168 S.E.2d 224, 227, *cert. denied*, 275 N.C. 545 (1969)). "In order to cancel a policy the carrier must comply with the procedural requirements of the statute or the attempt at cancellation fails and the policy will continue in effect despite the insured's failure to pay in full the required premium." *Pearson v. Nationwide Mutual Ins. Co.*, 325 N.C. 246, 254, 382 S.E.2d 745, 748 (1989) (citations omitted).

The pertinent issue in the instant case is whether the Pattersons' insurance policy was cancelled on 24 March 2008, the date stated on Budget's Request of Cancellation, or was still in effect through 28 March 2008, the date Universal received the Request of Cancellation from Budget. Universal argues "[s]ince Budget complied with the 10-day notice required by Chapter 58, pursuant to the POA, Universal was required to cancel the policy the effective date requested by Budget, as if the Patterson defendants had requested the cancellation, pursuant to the terms of the Patterson Policy." This argument is inconsistent with the cancellation procedure outlined in § 58-35-85(3) and our prior holdings.

In accordance with § 58-35-85(3), we have held that an insurance policy is cancelled on the date the insurer receives the request for cancellation. *Cahoon*, 140 N.C. App. at 582, 537 S.E.2d at 542 ("The applicable statute provides for cancellation of the insurance contract 'upon receipt of a copy of the request for cancellation notice by the insurer'. Thus, the policy in question was not cancelled until Piedmont, as agent for Canal, received the Notice of Cancellation on 2 January 1997.") (citations omitted); *Unisun Ins. Co. v. Goodman*, 117 N.C. App. 454, 457, 451 S.E.2d 4, 6 (1994) ("We, therefore, are guided only by the language of N.C. Gen. Stat. § 58-35-85. . . . Thus . . .

the insurance policy in the subject case was cancelled the day Unisun received the cancellation request[.]"), *disc. review denied*, 339 N.C. 742, 454 S.E.2d 662 (1995).

Universal attempts to distinguish *Cahoon* and *Unison* from the present case, arguing that we did not address the insurance policy cancellation language in those cases, and in the instant case, the Patterson Policy and power of attorney in the Premium Finance Agreement control regarding cancellation. We have previously outlined the rules of construction relating to insurance policies:

> First, an insurance policy is a contract, and is to be construed and enforced in accordance with its terms insofar as they are not in conflict with pertinent statutes and court decisions. As to the effect of any statute on an insurance policy, the law is clear that a statutory requirement or limitation applicable to a policy of insurance is to be read into the policy as if written therein and controls a contrary provision actually written into the policy.

*South Carolina Ins. Co. v. Smith*, 67 N.C. App. 632, 638, 313 S.E.2d 856, 861 (1984) (quotation marks and citations omitted), *rev. denied*, 311 N.C. 306, 317 S.E.2d 682 (1984). Accordingly, we do not need to address the cancellation language in the insurance policy because § 58-35-85 controls the procedure for the cancellation of an insurance policy by an insurance premium finance company.

Here, the Request of Cancellation sent by Budget stated an effective date of 24 March 2008. The parties do not dispute that Universal actually received the Request of Cancellation on 28 March 2008, three days after Twana Patterson's accident. Pursuant to § 58-35-85(3), we conclude the Pattersons' insurance policy was not cancelled until Universal received the Request of Cancellation on 28 March 2008. Thus, the contract was in full force and effect on 25 March 2008, the day of the car accident. Accordingly, we uphold the trial court's grant of summary judgment for Ms. Pauling and Ms. Boddie.

Affirmed.

Chief Judge MARTIN and Judge ROBERT C. HUNTER concur.